**UNITED STATES, Appellee,**

v.

**Staff Sergeant Larry D. STURDIVANT, SSN 410–94–8983, United States Army, Appellant.**

**CM 438716.**

U. S. Army Court of Military Review.

25 Aug. 1980.

---

Major Elliot J. Clark, JAGC, Captain Michael K. King, JAGC, and Captain Jan W. Serene, JAGC, were on the pleadings for appellant.

Major Ted B. Borek, JAGC, Major Robert B. Williams, JAGC, and Captain Lawrence W. Fitting, JAGC, were on the pleadings for appellee.

Before JONES, GARN and LEWIS, Appellate Military Judges.

## OPINION OF THE COURT

JONES, Senior Judge:

On payday morning, 30 March 1979, the First Sergeant of A Battery, 3rd Battalion, 34th Field Artillery, picked up an extension of the orderly room phone and overheard a conversation between members of his battery that went substantially as follows:

PFC Baskerville (CQ Runner): Do you have any of the good stuff?

SP4 Berry: Yes, I do.

PFC Baskerville: Is this Berry, right?

SP4 Berry: Yes, Could I speak to Sturdivant? (Pause)

SSG Sturdivant (Accused): Where have you been? I have been looking for you.

SP4 Berry: I got the stuff, broke it down, and stopped by Hartsoe's house; I'll be in shortly, in about 45 minutes.

SSG Sturdivant: I'll be waiting for you.

Upon hearing the conversation, the First Sergeant suspected drug activity and reported the matter. The military police stopped Specialist Four Berry when he came on post a short time later, searched him, and found 18 half—ounce bags of marihuana. Berry admitted that he was going to sell the marihuana in the barracks and

initially named the appellant as one of his potential buyers but later at trial said he was mistaken about appellant buying that day. The police also found a piece of paper in Berry's wallet listing several names, including appellant's, with dollar amounts shown opposite them. This was an IOU list.

Based upon the phone call related above, the command charged appellant with ten separate offenses as follows: solicitation to possess marihuana, conspiracy to possess marihuana, attempted possession of marihuana, and possession of marihuana; solicitation to introduce marihuana on post for purpose of sale, introducing marihuana on post for purpose of sale, and conspiracy to sell marihuana; solicitation to introduce marihuana on post for purpose of transfer, introducing marihuana on post for purpose of transfer, and conspiracy to transfer marihuana.[1]

To establish the offenses, the prosecution offered the testimony of the First Sergeant who overheard the conversation and Specialist Four Berry who was the seller. Berry, testifying against appellant in accordance with his pretrial agreement, stated that the appellant had called him the evening before and asked to buy a half—ounce bag of marihuana but the sale, which was to take place off post that night, had not been consumated; that over the past six months, appellant had purchased a small amount of marihuana from him on four or five occasions; and that the sales always occurred around payday.

After the evidence was presented, the military judge required the prosecution to make an election between the solicitation offenses and the offenses based on an aider and abettor theory. The prosecution elected to proceed on the solicitation offenses and the military judge then dismissed the charges that were based on the aider and abettor theory, *viz.* possession of marihuana, introducing marihuana on post for the purpose of sale, and introducing marihuana

on post for the purpose of transfer. The court–martial with members convicted appellant of the remaining seven offenses and sentenced him to a dishonorable discharge, forfeiture of all pay and allowances, and confinement at hard labor for three years. The convening authority to whom the case was transferred for the purpose of taking the action approved the sentence.

I

The appellant asserts that the First Sergeant's action in listening to the conversation on the telephone extension violated Section 2511 of Title 18, United States Code, and that pursuant to Section 2515 of the same title and paragraph 152, Manual for Courts–Martial, United States, 1969 (Revised edition), the evidence obtained as a result thereof was inadmissible. If appellant's contention is correct, it would eliminate virtually all evidence against him. We think the contention is incorrect. The military judge properly denied appellant's motion and admitted the evidence.

Section 2511 prohibits the willful interception of any wire or oral communication through the use of an electronic, mechanical, or other device. An exception is established by way of definition for an interception made with an extension telephone furnished by the phone company and being used in the ordinary course of business. *See* Section 2510(4), (5), Title 18.

The issue resolves into a question of whether the First Sergeant's listening to the conversation was in the ordinary course of business. There is no question but that, when he initially picked up the extension phone to see if the incoming call was for him, the interception was in the ordinary course of business. The dispute arises over whether his continued listening after he realized the call was not for him was still in the ordinary course of business. We think that it was.

---

1. Charged as violations of Articles 80, 81 and 134, Uniform Code of Military Justice, 10  U.S.C. §§ 880, 881 and 934.

The First Sergeant's responsibility reaches almost every facet of his unit's operation. He has the duty to insure that the orderly room is run properly and that includes the duty to insure that the battery phones are used primarily for official business. Their use for personal calls must be minimized. This requires him to listen to conversations on the phones. Even more important, the First Sergeant had duties and responsibilities regarding the welfare and discipline of the members of his unit. When he heard what appeared to be the planning of criminal activity that would adversely affect his unit he would have been remiss if he had not listened and acted on that information.

Our conclusion here is not inconsistent with the only reported relevant military case, *United States v. Forrest*, 45 C.M.R. 530 (A.C.M.R.1972). In *Forrest*, this Court found that an installation switchboard operator who stayed on the line after she had insured that the call was completed properly because she was "curious" about the conversation which related to illegal drug activity was not "engaged in any activity which [was] a necessary incident to the rendition of [her] service or to the protection of the rights or property of the carrier of such communication . . ." Her continued listening to the conversation was not within the exception in Section 2511(2)(a)(i), or Section 2510(5)(a) of Title 18. In this case the responsibility of the First Sergeant in supervising his battery required him to continue listening to the conversation. The ordinary course of his business was so different from the ordinary business of a switchboard operator in providing telephone services that a different result is required.[2]

This case is also distinguishable from *United States v. Harpel*, 493 F.2d 346 (10th Cir. 1974), relied on by the appellant, in that here the use of the telephone extension was with authority and was not done surreptitiously. The First Sergeant, together with the battery commander, is the primary authority for use of the phone and his use in this instance was open and without any attempt of concealment. With six extension phones in the battery offices and with the continuous, varied use they undoubtedly receive, it would be virtually impossible to intercept a call surreptitiously. Similarly, it is inconceivable that an individual could expect any privacy in a call on one of those extensions.

We believe this case is more akin to the case of *Briggs v. American Air Filter Co., Inc.*, 455 F.Supp. 179 (N.D.Ga.1978), wherein the District Court determined that a supervisor's use of an extension phone to listen to an employee's conversation that was believed to be detrimental to the interests of the company was within the "ordinary course of business" exception to Section 2511. The First Sergeant listened to the conversation between his "employees" for relatively the same reason the supervisor did in *Briggs*—to maintain the discipline and integrity of the organization. *See also United States v. Axselle*, 604 F.2d 1330 (10th Cir. 1979), concerning the lack of willfulness in the continuation of an initially lawful monitoring of conversation.

## II

We next consider the assigned error concerning the sufficiency of the evidence to support the findings of guilty. The evidence before the court members was extremely sketchy. The phone conversation on the morning of 30 March 1979 without more does not establish the offenses. We do not view the conversation in isolation, however. We must consider it along with Berry's testimony concerning the uncompleted sale of the night before and the prior pattern of purchases by appellant around paydays.

2. The prosecution and the defense stipulated that a command investigation had been conducted into whether the First Sergeant's action in listening to the conversation amounted to a violation of the Appendix to Army Regulation 20–3 (Wiretap, Investigative, Monitoring and Eavesdrop Activities (WIMEA) Information), and that the Chief of Staff of the installation had concluded that there was a violation. The military judge accepted the stipulation over the prosecution's objection but stated that he would not be bound by the Chief of Staff's determination.

On the evening of 29 March, the appellant and Berry entered into an agreement for Berry to sell and appellant to buy a half-ounce of marihuana for a certain price with delivery to take place later that evening off-post. That conspiracy was completed when Berry obtained the marihuana and broke it down for sale, but the object of the conspiracy was not accomplished.

The appellant was not charged with the conspiracy on the 29th, however, but with one occurring the next day. We believe that second conspiracy was established by the evidence. The phone conversation amounted to a new agreement to sell and transfer marihuana; the amount and price remained the same but the time, date and place of delivery was changed. The overt act necessary to complete the offense was supplied by Berry when he brought the marihuana on post. We also believe that the phone conversation, when considered with the events of the evening before, amounted to a solicitation to introduce marihuana onto the reservation for purposes of sale and transfer.

In view of Berry's statement on the phone that he already possessed the marihuana, we have a reasonable doubt that appellant solicited Berry on 30 March to possess marihuana or that there was a conspiracy to possess marihuana. Finally, we consider the phone call on the morning of 30 March as nothing more than preparation to commit the offense of attempted possession of marihuana. The call was for the purpose of ". . . devising or arranging the means or measures necessary for the commission of the offense. . . ." Paragraph 159, MCM 1969 (Rev.). It did not amount to the overt act required of appellant for an attempt.

In summary, we are convinced beyond a reasonable doubt from the evidence of record and the inferences therefrom of appellant's guilt of conspiracy to sell marihuana, conspiracy to transfer marihuana, solicitation to introduce marihuana on post for the purpose of sale, and solicitation to introduce marihuana on post for the purpose of transfer.

III

Closely related to and affecting the question of sufficiency of the evidence is the question of multiplicity for charging and for sentence purposes.

The Government has taken what is essentially one transaction, appellant's effort to buy his monthly measure of marihuana, and multiplied it into ten offenses, with a resultant conviction of seven (one attempt, three conspiracies, and three solicitations). We view such a proliferation of charges as a violation of paragraph 26b, MCM, 1969 (Rev.), which provides that ". . . One transaction, or what is substantially one transaction, should not be made the basis for an unreasonable multiplication of charges against one person. . . ."

In contrast to the ten offenses charged against appellant the command only charged Berry, the seller, with two offenses, possession of marihuana and introducing marihuana onto Fort Lewis for the purpose of sale. The large number of offenses made appellant appear to be a "bad man" who was deeply involved in the drug scene in his battery. This contributed, in our opinion, to the findings of guilty of charges that were not sufficiently supported by the evidence, as discussed above.

The impact of multiplicity on sentence was compounded when the prosecutor, in an apparent loss of perspective, argued strenuously that all seven offenses of which appellant was convicted were separately punishable. When the military judge ruled that only three were separate, the prosecutor then argued that appellant "deserved" the maximum of a dishonorable discharge and fifteen years confinement.

Although dismissal of a multiplicious specification is not always necessary, see *United States v. Haywood*, 6 M.J. 604 (A.C. M.R.1978), on the peculiar facts of this case, we believe that one of each of the two surviving solicitation and conspiracy offenses should be dismissed. We will dismiss the offense of solicitation to introduce mari-

huana on post for the purpose of transfer and conspiracy to transfer marihuana. Corrective action on the sentence is also required.

IV

We have considered the remaining assignments of error. They do not warrant discussion or corrective action beyond that required by the errors outlined above.

As a result of our action, appellant stands convicted of the offenses of conspiracy to sell marihuana and soliciting another member of his unit to bring marihuana on post for the purpose of sale. The approved sentence is disproportionate to the offenses. The evidence shows appellant was an occasional user, nothing more. Although by virtue of his rank of staff sergeant he had a responsibility to prevent drug abuse, there is no indication that he had subverted others to the drug scene. His seven years of military service were marred by only one Article 15 punishment and that did not result in loss of his present rank. Under the circumstances, we do not believe a punitive discharge appropriate.

The findings of guilty of Charge I and its specification, Specifications 1 and 2 of Charge II, and Specifications 1 and 2 of the Additional Charge are set aside and those charges are dismissed. The findings of guilty of Specification 3, Charge II, and Specification 3, Additional Charge are affirmed. Only so much of the sentence is affirmed as provides for confinement at hard labor for six months and forfeiture of $299.00 pay per month for six months.

Judge LEWIS concurs.

GARN, Judge (concurring part and dissenting in part):

I agree with Senior Judge Jones' opinion concerning the admissibility of the evidence obtained as a result of the First Sergeant's listening to the telephone and his conclusion that the evidence is insufficient to permit affirmance of the appellant's conviction of soliciting Specialist Berry to possess marihuana, conspiracy to possess marihuana, and attempted possession of marihuana. I do not agree, however, that some of the remaining findings of guilty should be affirmed.

In view of the majority's agreement as to what relevant facts were established, a lengthy recitation of the reasons for my disagreement with their factual determinations would not serve any useful purpose. Suffice it to say that, in my opinion, the testimony bearing on both the content, and meaning, of the telephone conversation between the appellant and Specialist Berry on 30 March is so uncertain and conflicting that the evidence is not sufficient to sustain the appellant's conviction of any of the offenses with which he was charged.

Moreover, conceding that the evidence did establish the prior marihuana dealings between the appellant and Specialist Berry, including their arrangements for a sale of marihuana on 29 March, and conceding, *arguendo*, that the substance of the 30 March telephone conversations was as set forth in the majority opinion, in my opinion the evidence is insufficient, as a matter of law, to sustain affirmance of the findings of guilty of any solicitation to introduce marihuana into a military installation. The *Manual* provides that "any act or conduct which reasonably may be construed as a serious request or advice to commit [an offense] may constitute solicitation." Paragraph 161, Manual for Courts–Martial, United States, 1969 (Revised edition). Webster defines solicit to mean: "to entreat; importune; now, often, to approach with a request or plea, as in selling, begging, etc." Webster's New Collegiate Dictionary, 1959. Assuming the appellant knew that Specialist Berry was calling from an off–post location at the beginning of their conversation, at most the appellant impliedly expressed a desire that Specialist Berry introduce marihuana on post when he stated he had been looking for him, and then expressed acquiescence in Specialist Berry's announced intention to introduce marihuana on post when he stated he would be waiting for Specialist Berry, after Berry stated that he would "be in shortly, in

about 45 minutes." In my opinion, such subtle expressions of desire and acquiescence do not amount to a solicitation to introduce marihuana into a military installation.