**UNITED STATES**

**v.**

**Staff Sergeant Horace E. HOGAN, Jr., FR 292–46–7498 United States Air Force.**

**ACM 23771.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 1 Oct. 1982.

Decided 10 June 1983.

Appellate Counsel for the Accused: Mr. Philip S. Herron, Dayton, Ohio, Colonel George R. Stevens and Major Richard A. Morgan.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Captain Richard O. Ely, II.

Before HEMINGWAY, CANELLOS and RAICHLE, Appellate Military Judges.

DECISION

HEMINGWAY, Senior Judge:

Contrary to his pleas, the accused was convicted of two specifications of rape, in violation of Article 120, U.C.M.J., 10 U.S.C. § 920. His sentence extends to a dishonorable discharge, confinement at hard labor for seven years, forfeiture of $350.00 per month for 84 months and reduction to airman basic.

Specification 2 of the Charge alleged the accused raped Nelia Asistin on or about 16 July 1982, at Angeles City, Republic of the Philippines. During a session of the trial convened by the trial judge pursuant to Article 39(a), U.C.M.J., 10 U.S.C. § 839(a), Asistin expressed a reluctance to testify due to sympathy for the wife of the accused. The following exchange then took place between the judge and Asistin:

MJ: Miss Asistin, I understand from what you say, is that you do not want to testify ___

WIT: Yes.

MJ: ___ when the members ___ the jury comes. If I order you or I direct you to testify when they come, would you testify?

WIT: No.

MJ: You are a civilian and you are a citizen of the Philippines, are you not?

WIT: (No response.)

MJ: Excuse me, you are not a citizen of America or Japan or some other country, are you? You always lived here in the Philippines?

WIT: Yes.

The trial judge then declared Asistin "unavailable" pursuant to Mil.R.Evid. 804(a) and permitted the trial counsel to introduce into evidence the verbatim testimony of Asistin given during the Article 32, U.C.M.J., investigation conducted prior to trial.

The accused now contends this was error. We agree.

Mil.R.Evid. 804(a)(2) provides:

(a) *Definitions of unavailability.* "Unavailability as a witness" includes situations in which the declarant—

 *   *   *   *   *   *

(2) persists in refusing to testify concerning the subject matter of the declarant's statement despite an order of the military judge to do so;

 This rule was adopted without change from the Federal Rules of Evidence. The Advisory Committee's Note to this rule indicates that a witness, to be unavailable, must refuse to testify "despite judicial pressures to do so." It is important that a military judge attempt to persuade a recalcitrant witness to answer questions rather than assume an initial refusal is final. Although the judge may, in some circumstances, lack contempt power, a thorough explanation of the impact of refusal to testify on the parties to the trial and the exercise of all the moral persuasion available to the court should be attempted before a witness is declared unavailable. *See United States v. Oliver,* 626 F.2d 254 (2d Cir.1980); S. Saltzburg, L. Schinasi, D. Schlueter, Military Rules of Evidence Manual, at 374 (1981).

In the case *sub judice,* the trial judge made only a perfunctory effort to obtain the testimony of the witness. When cultural and language differences exist, as they did here, we consider it all the more important that the trial judge use extra care and patience in an attempt to persuade the reluctant witness to testify.

We have considered the remaining assignments of error and have resolved them adversely to the accused. In light of the error discussed above, Specification 2 of the Charge is dismissed. Reassessing the sentence, we approve only so much of the accused's sentence as provides for a bad conduct discharge, confinement at hard labor for three years, forfeiture of $350.00 per month for thirty-six months and reduction to airman basic.

Accordingly, the remaining findings of guilty and the sentence, as modified, are AFFIRMED.

CANELLOS and RAICHLE, JJ., concur.