**UNITED STATES, Appellee,**

v.

**Horace E. HOGAN, Jr., Staff Sergeant
U.S. Air Force, Appellant.**

No. 47,158.
ACM 23771.

U.S. Court of Military Appeals.

May 13, 1985.

For Appellant: . *Philip B. Herron, Esq.*
(argued); *Colonel Leo L. Sergi* and *Major*
*Richard A. Morgan* (on brief); *Colonel*
*George R. Stevens.*

For Appellee: *Captain Joseph S. Kistler*
(argued); *Colonel Kenneth R. Rengert*
and *Captain Brenda J. Hollis* (on brief);
*Colonel Andrew J. Adams, Jr.* and *Cap-*
*tain Richard O. Ely, II.*

*Opinion of the Court*

COX, Judge:

Appellant was convicted of two specifica-
tions of rape, in violation of Article 120,
Uniform Code of Military Justice, 10 U.S.C.
§ 920. The United States Air Force Court
of Military Review, 16 M.J. 549, ruled that
certain evidence as to one of the rapes was
improperly admitted, so it dismissed that
specification. Affirming the remaining
specification, the court reassessed the sen-
tence.* We granted review to ascertain
whether the evidence pertaining to the dis-
missed specification prejudiced appellant as
to the remaining specification (17 M.J. 277).
Holding that it did, we reverse the decision
below as to the remaining specification.

I

The first rape was alleged to have oc-
curred in Angeles City, Republic of the
Philippines, on or about December 22, 1980.
The victim's account is preserved through a
videotape deposition. (At the time the dep-
osition was taken, she was living out of the
country.) She related the circumstances of
the offense and the ensuing events. Basi-
cally, the entire episode was handled by
Philippine authorities. The incident culmi-
nated in appellant's payment of damages to
the victim in exchange for her execution of
a Philippine "Affidavit of Desistance,"
wherein she agreed not to press charges.
At the time, no action was taken against
appellant by United States authorities.

Nineteen months later, on or about July
16, 1982, appellant was alleged to have

---

* Appellant was originally sentenced to a dishon-
orable discharge, confinement at hard labor for
7 years, forfeiture of $350.00 pay per month for
84 months, and reduction to the grade of E–1.
Upon reassessment, the Court of Military Re-
view approved only so much of the sentence as
provided for a bad-conduct discharge, confine-
ment at hard labor for 3 years, forfeiture of
$350.00 pay per month for 36 months, and re-
duction to E–1.

raped another Philippine national. The second victim's account is preserved in the form of her Article 32, UCMJ, 10 U.S.C. § 832, testimony, wherein she explained the circumstances of the rape. This incident was promptly reported to United States authorities and was handled as a matter under their jurisdiction from the outset. The facts and circumstances of this charge are strikingly similar to those of the first.

At trial, the only evidence presented by the prosecution on the first offense was the videotape deposition of the first victim. The deposition was not taken until some 21 months after the incident and was obviously prompted by the second accusation. Appellant defended on the grounds of consent.

The second victim appeared at an Article 39(a), UCMJ, 10 U.S.C. § 839(a), session and refused to testify against appellant at trial. After testifying against appellant at the Article 32 hearing, she had been approached by appellant's wife. She explained, "I just meet with her, then just talking about it like that, and then I just tell her yes, I just help you like that because I'm pity with her, right. She's pregnant and she's crying." After the meeting, appellant and his wife took the second victim to an attorney. Ultimately, she also executed an "Affidavit of Desistance," apparently in exchange for money.

The military judge concluded that he lacked authority to compel a Philippine national to testify at the court-martial, so he declared the second victim unavailable as a witness under Mil.R.Evid. 804(a)(2)and ruled that her Article 32 testimony was admissible under either Mil.R.Evid. 804(b)(1) or (5). In addition to this evidence, the prosecution also introduced the laboratory results of a rape-protocol examination taken shortly after the incident and a description of the victim's physical and emotional condition at the hospital. Appellant again defended on the basis of consent. Despite his efforts, the court-martial convicted him of both rapes as charged.

II

The Court of Military Review characterized the military judge's attempt to secure the second victim's trial testimony as "perfunctory," particularly in light of the "cultural and language differences" present. At 550. In consequence, the court was not satisfied that the second victim was truly unavailable as a witness under Mil.R.Evid. 804(a)(2), and they deemed her Article 32 testimony to be improperly-received hearsay. As her Article 32 testimony was obviously prejudicial as to the specification involving her, the Court of Military Review dismissed it. We have no occasion to review the correctness of this decision, since the Judge Advocate General of the Air Force has not certified the issue to us. Accordingly, the court's conclusion becomes the "law of the case," and we are bound by it. United States v. Bullington, 13 M.J. 184, 188 (C.M.A. 1982).

That leaves appellant convicted only of the first rape. The only evidence of that crime presented to the court was the victim's deposition. We have no doubt that this evidence, standing alone, would be sufficient for us to sustain the conviction as a matter of law. United States v. Wilson, 6 M.J. 214 (C.M.A. 1979); United States v. Brown, 3 M.J. 402 (C.M.A. 1977); United States v. Taylor, 21 U.S.C.M.A. 220, 44 C.M.R. 274 (1972). But the question is, would the court members have convicted appellant of the first charge if the only evidence before them had been the deposition? Of this we have no assurance.

It is true that, in some circumstances, evidence of separate "crimes, wrongs, or acts" can be presented to a court-martial for certain limited purposes, such as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Mil.R.Evid 404(b). Such evidence is accompanied by specific limiting instructions when requested. Mil. R.Evid. 105. In this case, while the evidence of the second rape may have potentially qualified for such treatment, it was neither offered for such purpose, nor presented in that light to the members.

More fundamentally, the single most damaging piece of evidence of that rape—the victim's Article 32 testimony—was itself inadmissible hearsay, by virtue of the Court of Military Review's decision, and not available even for limited purposes.

Under the circumstances, we believe that the risk is just too great that the evidence of the second rape "spilled over" to the first one. This would violate one of the most basic precepts of American jurisprudence: that an accused must be convicted based on evidence of the crime before the court, not on evidence of a general criminal disposition. *United States v. Lotsch*, 102 F.2d 35, 36 (2d Cir.), *cert. denied*, 307 U.S. 622, 59 S.Ct. 793, 83 L.Ed. 1500 (1939). *Cf. United States v. Sturdivant*, 9 M.J. 923, 927 (A.C.M.R. 1980)(large number of offenses made accused appear to be a "bad man" and contributed to findings of guilty of charges that were not sufficiently supported by evidence), *rev'd on other grounds*, 13 M.J. 323 (C.M.A. 1982).

Had the military judge bethought himself to instruct the court members to keep the evidence of the two offenses separate during their deliberations, the chances of their cumulating the evidence would have been substantially diminished, and we might have reached a different result. *See Drew v. United States*, 331 F.2d 85, 91 (D.C. Cir. 1964). However, on this record, we cannot conclude that appellant received a fair hearing on the first specification. Accordingly, we reverse the decision of the United States Air Force Court of Military Review and set aside the remaining findings of guilty and the sentence. The record of trial is returned to the Judge Advocate General of the Air Force. A rehearing may be ordered.

Chief Judge EVERETT concurs.

Judge FLETCHER did not participate.