### UNITED STATES

### v.

### Staff Sergeant Rodney K. TAYLOR, FR 104–58–8655, United States Air Force.

### ACM 27726 (f rev).

U.S. Air Force Court of Military Review.

Sentence Adjudged 16 Dec. 1988.

Decided 25 Jan. 1991.

---

**3.** Revelations 21:2.

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair, Major Ronald G. Morgan and Captain Darla G. Orndorff.

Appellate Counsel for the United States: Colonel Joe R. Lamport; Major Paul H. Blackwell, Jr. and Captain David G. Nix.

Before MURDOCK, KASTL and MILLS, Appellate Military Judges.

## OPINION OF THE COURT UPON FURTHER REVIEW

KASTL, Senior Judge:

Appraising the results of a hearing we directed under *United States v. Dubay*, 17 U.S.C.M.A. 147, 37 C.M.R. 411 (1967), we: (a) set aside findings of guilty as to rape; and (b) order a new trial as to indecent acts.

### History of the Case

Sergeant Taylor was convicted by a general court-martial consisting of members of rape and indecent acts with his step-daughter, MC. His approved sentence is a dishonorable discharge, seven years confinement, total forfeitures, and reduction to airman basic.

After trial, MC (the principal prosecution witness) recanted her testimony in a letter to Taylor's trial defense counsel. She then supplied an affidavit to that effect. In light of her recantation, we directed a *Dubay* hearing. *United States v. Taylor*, 30 M.J. 1008 (A.F.C.M.R.1990). We viewed the *Dubay* inquiry as a necessary threshold to resolving the appellant's petition for a new trial. We directed that the hearing be conducted by the same military judge who presided over the appellant's trial. We urged her to make detailed specific findings (if possible) as to MC's credibility. *See* R.C.M. 1210(g)(1).

### Rape

As for the rape: We have considered the entire record of trial and the facts found by the military judge at the *Dubay* hearing.[1] We conclude that the evidence is factually insufficient to support a conviction for rape.

At the original trial, MC testified that her stepfather raped her two to four times per month for two and one-half years. She asserted that the acts had occurred both in their quarters and in a van. She also claimed that he had impregnated her. These rapes allegedly occurred while the appellant performed gynecological and breast examinations on MC to "detect tumors."

At the *Dubay* hearing, the military judge observed that MC "denied virtually every act that could be called a rape" from her original trial testimony. She now admitted to sexual intercourse with a boy named Matthew and explained that she had implicated her step-father because she was afraid to reveal her sexual activity with her boyfriend. The military judge ordered MC to reveal Matthew's last name. After initial reluctance, she ultimately did so; he confirmed MC's story. The military judge found, in part that:

> Since there is a Matthew, *I find it incredible that [MC] alone or in conjunction with her mother orchestrated a false recantation in this case.* To

1. The *Dubay* hearing was a model of solid advocacy by the litigants and well-reasoned analysis by the military judge. We commend all parties for an excellent job.

have done so would have required at the very least a well-planned recantation story and letter to Matthew calculated to occur when their relationship ended; and the coaching of Matthew—who was held in suspense until the last moment in this hearing—to corroborate that recantation. (Emphasis added).

The sole evidence against the appellant as to rape was MC's testimony. Without it, the charge of rape cannot stand[2]. We set aside the findings of guilty and this offense.

### Indecent Acts

■ As for the indecent acts: At the original trial, MC related that Taylor had conducted gynecological and breast examinations on her to detect fibroid tumors. She testified that these acts occurred while they were at home alone or when her mother was sleeping. When at home, Taylor dressed in a bathrobe; she could feel his bare body against her. She also related that the appellant put his mouth on her breast to provide "suction."

At trial, the defense posture essentially was this: Taylor's mother had died of breast cancer. Her husband detected the cancer, but it was too late to save her. Later, the appellant's wife faced a similar situation, with lumps inside her uterus and breast. Taylor himself had detected lumps in her breast after learning how to perform such examinations by watching her doctors. Taylor thought his wife was neglecting to take care of herself and became increasingly concerned. Eventually, an operation was indicated; even then, Mrs. Taylor did not readily agree. Given these scary facts, Taylor—a concerned parent—decided to examine his stepdaughter as a preventive health measure until she was old enough to go to the clinic on her own. The defense denied the appellant had any sexual motive whatsoever for the exams.

At the *Dubay* hearing, the military judge noted that MC denied "virtually every act that could be called ... indecent ... that she testified about at the trial." MC specifically stated that she was not frightened of Taylor's exams. She now asserted that she felt they were for health purposes, and that the appellant never appeared sexually aroused. MC further revealed that she had embellished her story to make it more believable. For example, the appellant had never sucked her breasts.

### Application

MC has recanted as to rape; however, as we assess the record, she has not recanted fully so as to negate guilt as to indecent acts. The government urges us to affirm findings of guilty of such indecent acts[3] and reassess the sentence. We decline to do so.

We are concerned over the "spill over" rationale explained in *United States v. Haye,* 29 M.J. 213 (C.M.A.1989) and *United States v. Hogan,* 20 M.J. 71 (C.M.A.1985). In those cases, the Court of Military Appeals explored the danger that court members might convict an accused of one crime *simply because of the "spill over" effect of a second, ultimately dismissed allegation.* We find *Haye* and *Hogan* outcome-determinative. Since MC's testimony at trial was to the effect that incidents of rape were interwoven with indecent acts, the danger of a "spill-over" from such a poisoned chalice is patent.

Would the court members have convicted the appellant of indecent acts *if the only evidence before them had been the appel-*

---

2. The Government concedes that "we deal with a situation in which a military judge has made findings adverse to the government." Nevertheless, the Government cautions us that MC is "a frightened, sexually abused young girl under great parental pressure to create a story that would free her stepfather, the family's breadwinner."

3. As to these offenses, the government argues that the appellant's story is "inelegantly put ...

hogwash." The Government insists that no reasonable man could ever believe the appellant gave his daughter gynecological examinations without the intent to gratify his own lustful desires. Furthermore, says the government, fibroid "examinations" are ludicrous given the state of free medical care in the military. In short, the government suggests the appellant's arguments stagger the imagination.

*lant's examinations of his stepdaughter?* Concededly, the appellant's conduct can be viewed as bizarre. Yet given his explanation at the original trial, his conduct is not inevitably criminal. Another court-martial would be free to believe that he had no *mens rea.*

We think this decision should be made without the danger of a charge of rape muddying the pond. We have no assurance that the "spill over" effect from the rape charge did not produce a legal groundswell against the appellant. *See Hogan,* 20 M.J. at 72. Furthermore, in the present case, the military judge did not instruct the members to keep the evidence of the two offenses separate during deliberations; thus, we are not assured that the members compartmentalized the evidence concerning rape from that surrounding the indecent acts. *Haye,* 29 M.J. at 214.

We elect to return the allegations of indecent acts for a new trial. *See United States v. Bacon,* 12 M.J. 489 (C.M.A.1982). *See also United States v. Peoples,* 29 M.J. 426 (C.M.A.1990).

The findings of guilty of rape under Article 120, 10 U.S.C. § 920 (Additional Charge I and its consolidated specification) are hereby set aside and dismissed. The findings of guilty of indecent acts under Article 134, 10 U.S.C. § 934 (Additional Charge II and its consolidated specification) and the sentence are hereby set aside. A new trial may be ordered as to Additional Charge II. R.C.M. 1210(h)(1).

Senior Judge MURDOCK and Judge MILLS concur.