UNITED STATES, Appellee

v.

Linwood W. BURTON Jr., Staff Sergeant
U.S. Air Force, Appellant

No. 07-0848

Crim. App. No. 36296

United States Court of Appeals for the Armed Forces

Argued October 15, 2008

Decided January 15, 2009

RYAN, J., delivered the opinion of the Court, in which BAKER and
STUCKY, JJ., joined. EFFRON, C.J., filed a separate opinion
concurring in part and in the result. ERDMANN, J., filed a
separate opinion concurring in part and dissenting in part.


Counsel


For Appellant: Mary T. Hall, Esq. (argued); Captain Anthony D.
Ortiz (on brief); Lieutenant Colonel Mark R. Strickland, Major
Shannon A. Bennett, and Captain Phillip T. Korman.

For Appellee: Captain Ryan N. Hoback (argued); Major Matthew S.
Ward and Colonel Gerald R. Bruce (on brief); Major Donna S.
Rueppell.


Military Judge: Steven A. Hatfield




**THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION.**

United States v. Burton, No. 07-0848/AF

Judge RYAN delivered the opinion of the Court.

At different points during the closing argument on findings in this case, trial counsel suggested that the members of the panel could compare the similarities between charged offenses for a propensity to commit "these types of offenses" and see the accused's modus operandi. Although the charged offenses were themselves the proper subject of closing argument, the underlying conduct had not been offered or admitted under Military Rules of Evidence (M.R.E) 404 or 413. Trial counsel's invitation to the panel to compare the charged offenses to find modus operandi or propensity was improper, but under the facts of this case the military judge's failure to sua sponte instruct the panel on the use of propensity evidence or take other remedial action did not constitute plain error. The decision of the United States Air Force Court of Criminal Appeals (CCA) is affirmed.[1]

---

[1] On Appellant's petition, we granted review of the following issues:

I.   WHETHER THE TRIAL COUNSEL ENGAGED IN IMPROPER ARGUMENT WHEN HE ARGUED THAT APPELLANT DEMONSTRATED A PROPENSITY TO ENGAGE IN SEXUAL ASSAULT.

II.  ASSUMING ARGUENDO THAT IT WAS NOT IMPROPER FOR TRIAL COUNSEL TO ARGUE THAT APPELLANT HAD THE PROPENSITY TO COMMIT SEXUAL ASSAULTS, WHETHER THE MILITARY JUDGE ERRED BY FAILING TO GIVE AN ADDITIONAL INSTRUCTION ON THE USE OF PROPENSITY EVIDENCE.

I. Facts

A general court-martial composed of officer and enlisted members convicted Appellant, contrary to his pleas, of rape, sodomy,[2] and indecent acts,[3] in violation of Articles 120, 125, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 920, 925, 934 (2000). The sentence adjudged by the court-martial included a dishonorable discharge, confinement for eight years, forfeiture of all pay and allowances, and reduction to the lowest enlisted grade. The convening authority disapproved the findings of guilt as to sodomy and indecent acts, approved the findings of guilt as to rape, and approved the sentence as adjudged with the exception of confinement in excess of seven years. The CCA affirmed. United States v. Burton, No. ACM 36296 (A.F. Ct. Crim. App. July 16, 2007) (unpublished).

Appellant's convictions arose from two distinct incidents, which were separated by several years. The Government charged Appellant with the forcible sodomy, indecent assault, and attempted rape of SS, a U.S. civilian he met while on leave in Venice, Italy, in 2000.[4] In addition, the Government charged

---

[2] Appellant was charged with forcible sodomy in violation of Article 125, UCMJ, but found guilty of the lesser included offense of sodomy.
[3] Appellant was charged with indecent assault in violation of Article 134, UCMJ, but found guilty of the lesser included offense of indecent acts.
[4] Appellant was found not guilty of the attempted rape charge.

Appellant with the rape of Senior Airman DH, while both were stationed at Yokota Airbase, Japan, in 2004.

As is customary in the military justice system, the convening authority referred all of the charges related to these incidents to one court-martial.  See Rule for Courts-Martial (R.C.M.) 307(c)(4); United States v. Weymouth, 43 M.J. 329, 335 (C.A.A.F. 1995) (recognizing the general policy of joining all possible charges into a single court-martial).  Appellant did not move to have the charges severed.  See R.C.M. 906(b)(10) (allowing a motion to sever offenses to prevent manifest injustice).  Following the presentation of evidence by the prosecution and defense, the military judge instructed the panel, warning that counsel's closing arguments were not evidence and that belief of guilt of one offense could not be used as a basis for finding guilt of another offense -- a standard "spillover" instruction.

In the closing arguments that followed, the trial counsel noted the military judge's instruction that panel members could not use guilt of one offense as proof of guilt of another offense.  However, trial counsel told the panel it could "take these things and compare them for [Appellant's] propensity to commit these types of offenses."  He invited the panel to "take both of [the victims'] stories and lay them next to each other and compare them and see what this particular person's M.O. is."

Further, trial counsel highlighted several similarities from the two incidents, including Appellant's particular actions and the victims' physical appearance and vulnerability. Defense counsel neither objected to trial counsel's statements nor requested further instructions from the military judge.

## II. Discussion

When no objection is made during the trial, a counsel's arguments are reviewed for plain error. United States v. Schroder, 65 M.J. 49, 57-58 (C.A.A.F. 2007). "Plain error occurs when (1) there is error, (2) the error is plain or obvious, and (3) the error results in material prejudice." United States v. Fletcher, 62 M.J. 175, 179 (C.A.A.F. 2005). We agree with Appellant that trial counsel's closing argument was improper, but disagree that the error was plain and obvious such that the military judge was required to sua sponte give further instructions or take other remedial measures.

Counsel should limit their arguments to "the evidence of record, as well as all reasonable inferences fairly derived from such evidence." United States v. Baer, 53 M.J. 235, 237 (C.A.A.F. 2000). In the instant case, evidence of the charged offenses was properly admitted and a fair subject of argument. The wrinkle is that trial counsel went further and encouraged panel members to compare the similarities of two charged offenses, pointed out several specific examples, and argued that

these similarities showed Appellant's propensity to commit such crimes.

Our cases affirm the principle that an accused may not be convicted of a crime based on a general criminal disposition. See, e.g., United States v. Hogan, 20 M.J. 71, 73 (C.M.A. 1985) ("[A]n accused must be convicted based on evidence of the crime before the court, not on evidence of a general criminal disposition."); see also M.R.E. 404(a), (b) (generally prohibiting the use of evidence of character or past crimes to prove an accused acted in conformity therewith). The Government may not introduce similarities between a charged offense and prior conduct, whether charged or uncharged, to show modus operandi or propensity without using a specific exception within our rules of evidence, such as M.R.E. 404 or 413.[5] See United States v. Wright, 53 M.J. 476, 480 (C.A.A.F. 2000) (noting M.R.E. 413 "creates an exception to Rule 404(b)'s general prohibition against the use of a defendant's propensity to commit crimes"). It follows, therefore, that portions of a closing argument encouraging a panel to focus on such similarities to show modus operandi and propensity, when made

---

[5] See, e.g., M.R.E. 404(a)(1), (2) (allowing character evidence when offered first by the accused); M.R.E. 404(b) (allowing evidence of other crimes to show motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake); M.R.E. 413 (allowing evidence of prior sexual assaults when the accused is charged with a sexual assault offense).

outside the ambit of these exceptions, is not a "reasonable inference[] fairly derived" from the evidence, and was improper argument. Baer, 53 M.J. at 237.

The CCA held that trial counsel's argument was proper based on M.R.E. 413. The CCA noted that the evidence of Appellant's alleged assaults and attempted rape of SS in 2000, as sexual assault offenses that occurred prior to the 2004 rape of SrA DH, could have been introduced as propensity evidence under M.R.E. 413. Burton, No. 36296, slip op. at 6.

The problem with the CCA's holding is simple -- this is not an M.R.E. 413 case. The evidence on which trial counsel was commenting was primary proof of the charged offenses. No evidence was introduced as propensity evidence pursuant to M.R.E. 413, and none of the procedural safeguards required as a predicate to such introduction were followed. See Schroder, 65 M.J. at 55 (requiring the military judge to make relevance and prejudice determinations under M.R.E. 401, 402, and 403 before admitting propensity evidence); Wright, 53 M.J. at 482-83 (same). It was trial counsel's improper argument that introduced the issue of propensity, not the evidence. As the Government did not offer the evidence under M.R.E. 413, it did not follow the steps required by M.R.E. 413. Therefore, it may not a posteriori justify its closing argument based on what it might have done.

Determining that trial counsel's argument was improper, however, does not answer the question whether it was plain and obvious in the context of the entire trial that the military judge needed to sua sponte give further instructions on the use of propensity evidence. See United States v. Young, 470 U.S. 1, 16 (1985) ("[W]hen addressing plain error, a reviewing court cannot properly evaluate a case except by viewing such a claim against the entire record."). An error is not "plain and obvious" if, in the context of the entire trial, the accused fails to show the military judge should be "faulted for taking no action" even without an objection. United States v. Maynard, 66 M.J. 242, 245 (C.A.A.F. 2008). The relevant context includes the evidence presented at trial and the instructions given by the military judge. See Darden v. Wainwright, 477 U.S. 168, 182 (1986).

It was not plain and obvious under the facts of this case that the military judge should have sua sponte given a propensity instruction, as Appellant now contends. First, as noted above, the evidence of each distinct offense was properly admitted and the fair subject of argument, but this was not an M.R.E. 413 propensity evidence case. The prosecution did not attempt to offer evidence or get a ruling from the military judge under M.R.E. 413 concerning propensity evidence. Moreover, the "similar" conduct was charged and presented as two

separate offenses:  the majority of the evidence introduced by the prosecution consisted of the testimony of two independent victims, and at no time during the presentation of the evidence did the prosecution compare the two charges or conflate the evidence.  Cf. United States v. Haye, 29 M.J. 213, 214-15 (C.M.A. 1989) (finding error where the factual presentation of the case made it impossible for a panel to separate one specification from another).  Appellant has made no suggestion that the evidence of each charge was "so merged into one that it [was] difficult to distinguish."  Id. at 215.

Next, after the close of the presentation of evidence, the military judge specifically instructed the panel as follows:

> An Accused may be convicted based only on evidence before the court.  Each offense must stand on its own and you must keep the evidence of each offense separate.  Stated differently, if you find or believe that the accused is guilty of one offense, you may not use that finding or belief as a basis for inferring, assuming, or proving that he committed any other offense.  The burden is on the prosecution to prove each and every element of each offense beyond a reasonable doubt.  Proof of one offense carries with it no inference that the accused is guilty of any other offense.

Although portions of trial counsel's closing argument arguably conflicted with this instruction, trial counsel specifically referenced the instruction and stated he did not "intend for [the panel] to take proof of one offense to find [Appellant] guilty of another."  The real risk presented by trial counsel's

improper argument was that it would invite members to convict appellant based on a criminal predisposition, not that members would now perceive properly admitted direct evidence of charged conduct as propensity evidence. This greater risk was properly addressed by the military judge's spillover instruction. The military judge having instructed the panel that counsel's arguments were not evidence and given a general spillover instruction, it was not plain and obvious that an additional instruction was wanted or needed. See United States v. Jenkins, 54 M.J. 12, 20 (C.A.A.F. 2000) (noting that panel members are presumed to follow a military judge's instructions and holding that any error from improper argument was cured by appropriate instruction); Hogan, 20 M.J. at 73 (suggesting that a clear instruction not to merge evidence substantially diminishes the chance of improper spillover).

In the context of the entire trial, including the distinct and clearly defined evidence against Appellant on similar yet separate offenses, the specific instructions to the panel, the fact that neither trial nor defense counsel offered M.R.E. 413 propensity evidence or requested a propensity instruction, and the fact that the comments of trial counsel were not so egregious as to provoke an objection by trial defense counsel, we do not believe that any error in trial counsel's argument rose to the level of plain error that would require the military

judge to <u>sua</u> <u>sponte</u> instruct on the proper use of propensity evidence or take other remedial measures.  <u>See</u> <u>Young</u>, 470 U.S. at 16, 20 (noting "it is particularly important for appellate courts to relive the whole trial imaginatively and not to extract from episodes in isolation," and holding that argument by counsel, though improper, was not plain error warranting overturning the appellant's conviction).

## III. Conclusion

For the reasons expressed above, we disagree with the reasoning of the Air Force Court of Criminal Appeals, but find no plain error in the court-martial.  The decision of the Air Force Court of Criminal Appeals is affirmed.

United States v. Burton, No. 07-0848/AF

EFFRON, Chief Judge (concurring in part and in the result):

I agree with the majority opinion that trial counsel erred in urging the members to consider the two charged offenses as propensity evidence.  For the reasons set forth below, I would conclude that the generic spillover instruction given by the military judge should have been supplemented by a tailored instruction on the issue of propensity.  I agree that this case may be affirmed because the instructional error was not prejudicial under Article 59(a), 10 U.S.C. § 859(a) (2000).

The prosecution's improper propensity argument

Appellant's court-martial involved two distinct allegations of sexual misconduct -- the first charged as occurring in 2000 and the second charged as occurring in 2004.  The prosecution introduced evidence related to each incident at the court-martial, and the admissibility of such evidence is not the subject of the present appeal.

The issues on appeal pertain to the comments made in trial counsel's closing argument, in which counsel asked the court-martial panel to "compare" the different charges for the purpose of assessing Appellant's "propensity to commit these types of offenses" and his modus operandi.  As noted in the majority opinion, the prosecution may not ask the panel to conclude that an accused is guilty of one offense by citing similarities to

another distinct offense unless: (1) the argument involves permissible use of the evidence, such as under an exception provided by Military Rule of Evidence (M.R.E.) 404 ("Character evidence not admissible to prove conduct; exceptions; other crimes") or M.R.E. 413 ("Evidence of similar crimes in sexual assault cases"); and (2) the military judge has analyzed and approved the use of the evidence in that manner under the applicable safeguards. United States v. Burton, 67 M.J. __ (6-8) (C.A.A.F. 2009).

In the Court of Criminal Appeals, Appellant contended that trial counsel improperly asked the court-martial panel to view the distinct offenses as evidence of Appellant's propensity to engage in sexual assault. After noting that the defense had not objected to the prosecution's argument at trial, the Court of Criminal Appeals reviewed the contention under a plain error standard. See United States v. Powell, 49 M.J. 460, 463-65 (C.A.A.F. 1998) (holding that plain error review entails consideration of: (1) whether there was error; (2) whether the error was plain or obvious; and (3) whether the error materially prejudiced the substantial rights of the accused); Article 59(a), 10 U.S.C. § 859(a) (2000).

The Court of Criminal Appeals concluded that there was no error because the use of propensity evidence is permissible under M.R.E. 413 in a sexual assault case. As noted in the

majority opinion, one problem with reliance on M.R.E. 413 in this case is that the prosecution at trial did not follow the required steps for use of propensity evidence under M.R.E. 413. Burton, 67 M.J. at __ (7). Of particular note, the prosecution offered its propensity argument before the military judge could make the requisite determinations as to relevance and prejudice under M.R.E. 401, M.R.E. 402, and M.R.E. 403. See Burton, 67 M.J. at __ (7). A further problem is that even if the evidence had been properly approved as propensity evidence, the military judge did not provide the panel with an appropriate limiting instruction tailored to the issue of propensity. See United States v. Schroder, 65 M.J. 49, 56 (C.A.A.F. 2007).

The majority opinion concludes that trial counsel's error did not meet the second prong of the plain error test because, in the context of the full trial, it was not plain or obvious that the military judge should have given a propensity instruction. See Burton, 67 M.J. at __ (8). In that regard, the majority opinion notes that the evidence at issue was admitted properly on the distinct offenses, the prosecution did not conflate the separate offenses during the factual presentation of the evidence, the evidence was not offered as propensity evidence under M.R.E. 413, and the military judge provided the members with an appropriate spillover instruction. Id. at __ (8-9). Although these considerations bear on the

3

third aspect of the plain error test -- whether any error by the military judge materially prejudiced the substantial rights of the accused -- they are not determinative on the question of whether the military judge properly instructed the members in this case.

The prosecution improperly argued that although the members could not "take proof of one offense to find [Appellant] guilty of another," they could "take these [charges] and compare them for his propensity to commit these types of offenses." Without a ruling by the military judge on relevance and prejudice under M.R.E. 401, M.R.E. 402, and M.R.E. 403, trial counsel's propensity argument was not permissible under M.R.E. 413, either directly or by analogy. Moreover, the propensity argument did not fit into any of the exceptions for character evidence under M.R.E. 404.

Trial counsel's argument not only raised the subject of propensity without the appropriate predicate ruling by the military judge, but also placed the import of the military judge's spillover instruction at issue by suggesting that the spillover instruction did not apply to propensity evidence. Irrespective of whether the propensity argument was permissible under M.R.E. 413 or impermissible under M.R.E. 404, the military judge was required to give an appropriate tailored instruction expressly addressing the subject of propensity. See Schroder,

65 M.J. at 56 (stating, in a case where evidence could be used to show propensity under the parallel propensity provisions of M.R.E. 414, that the court-martial panel "must also be instructed that the introduction of such propensity evidence does not relieve the government of its burden of proving every element of every offense charged" and that "the factfinder may not convict on the basis of propensity evidence alone"); United States v. Levitt, 35 M.J. 114, 120 (C.M.A. 1992) (stating, in a case where the evidence could not be used to show propensity, that "the instruction must expressly bar use of the evidence for improper purposes, including proof of bad character or propensity for crime").  In the present case, the military judge's generic spillover instruction did not relieve him of the responsibility to provide a specific instruction expressly tailored to the subject of propensity.

Prejudice under the plain error standard

Notwithstanding these errors, plain or otherwise, relief is not warranted under the third prong of the plain error test because the errors did not materially prejudice the substantial rights of Appellant.  Although the military judge should have supplemented the standard spillover instruction with a specific instruction on propensity, the standard instruction provided the panel with some guidance on the impermissibility of using one

5

charged offense as the basis for a finding of guilt on the other charged offense. Likewise, trial counsel limited the potential effect of the improper argument by explicitly reminding the members that they could not use their determination of guilt on one offense to find guilt on the other. Finally, the context of the trial and the accumulation of distinct and clearly defined evidence of the crimes committed against Senior Airman DH, combined with the lack of defense objection to trial counsel's arguments and the members' finding that Appellant committed only consensual acts with SS, indicate that the improper statements of trial counsel did not have a significant impact on the members. Accordingly, I agree that the findings and sentence may be affirmed.

United States v. Burton, No. 07-0848/AF

ERDMANN, Judge (concurring in part and dissenting in part):

I agree with the majority that trial counsel erroneously invited the members to compare the evidence presented on each offense to find propensity. Had the trial counsel desired to make that argument, he should have followed the procedural steps of Military Rule of Evidence (M.R.E.) 413(b). Had those procedural steps been followed, the military judge would have made the necessary threshold findings under M.R.E. 413[1] and would have conducted an M.R.E. 403 balancing analysis. Because trial counsel did not comply with the steps for presenting or arguing propensity evidence, the military judge did not evaluate the evidence for admissibility as propensity evidence. Therefore, trial counsel erred by invoking propensity in his argument. I do not agree that the risks created by the improper argument were properly addressed by the spillover instruction. However, I need not determine whether trial counsel's error was a plain error requiring relief because I conclude that the military

_____

[1] Those required findings are that: "(1) [t]he accused is charged with an offense of sexual assault" defined by M.R.E. 413(d); (2) "[t]he evidence proffered is 'evidence of the defendant's commission of another offense of . . . sexual assault'; and (3) [t]he evidence is relevant under [M.R.E.] 401 and [M.R.E.] 402." United States v. Wright, 53 M.J. 476, 482 (C.A.A.F. 2000) (quoting United States v. Guardia, 135 F.3d 1326, 1328 (10th Cir. 1998) (requiring threshold findings before admitting evidence under M.R.E. 413); see also United States v. Dewrell, 55 M.J. 131, 138 n.4 (C.A.A.F. 2001).

judge committed plain error by failing to provide a propensity instruction to the members.

Before closing arguments, the military judge's instructions to the members included a standard "spillover" instruction. Specifically, the military judge stated, "[I]f you find or believe that the accused is guilty of one offense, you may not use that finding or belief as a basis for inferring, assuming, or proving that he committed any other offense." Despite this instruction, trial counsel urged the members in his closing argument to compare the offenses because "[i]t will also show you that he has [the] propensity to engage in this sort of conduct." (emphasis added). Trial counsel went on to urge that consideration of this propensity evidence would not conflict with the military judge's spillover instruction:

> Now, before I get to [a comparison of the similarities between the two alleged sexual assaults] I want to preface – this was something the judge told you, I don't intend for you to take proof of one offense to find him guilty of another, the judge told you that you can't do that. But what you can do is you can take these things and compare them for his propensity to commit these types of offenses. That's perfectly acceptable when you're deliberating.

Emphasis added.

Not only was trial counsel's invitation to compare the offenses for propensity in direct conflict with the spillover instruction given by the military judge, he erroneously explained to the members that they could consider the propensity

evidence despite the spillover instruction.  The military judge should have corrected that conflict sua sponte by providing a propensity instruction.

Propensity evidence may be considered by the members to prove a charged substantive offense of sexual assault when the procedures of M.R.E. 413 have been followed.  See United States v. Schroder, 65 M.J. 49, 52 (C.A.A.F. 2007).  However, even when the procedures of M.R.E. 413 have been complied with, this court has further held that the procedural safeguards "required to protect the accused from unconstitutional application of M.R.E. 413 . . . include the requirement of proper instructions."  Id. at 55.

Without deciding whether the trial counsel's propensity argument constituted plain error, absent an instruction as to the proper consideration of propensity evidence, the members had no guidelines as to how to resolve the conflict between the military judge's instruction and trial counsel's argument that the instruction could be ignored in this situation.[2]  The propensity instruction was necessary to prevent the members from convicting Burton on the basis of other than direct evidence of the charged offense and to preclude "reliev[ing] the government of its constitutional burden to prove every element of the

---

[2] For an example of a propensity instruction, see Dep't of the Army, Pam. 27-9, Legal Services, Military Judges' Benchbook ch. 7, para. 7-13-1, n.4 (2002).

charged offense beyond a reasonable doubt." See id.[3] Failure to instruct the members how they should properly consider propensity to commit sexual assault was, under the circumstances of this case, error that was plain and obvious.

In light of the fundamental, constitutional nature of this error, the Government has the burden of establishing that the error had "no causal effect upon the findings." United States v. Othuru, 65 M.J. 375, 377 (C.A.A.F. 2007) (citing United States v. Simmons, 59 M.J. 485, 489 (C.A.A.F. 2004); United States v. Bins, 43 M.J. 79, 86 (C.A.A.F. 1995)). The Government must demonstrate that there is no reasonable possibility that the lack of instruction contributed to the contested findings of guilty. United States v. Kreutzer, 61 M.J. 293, 300 (C.A.A.F. 2005). Because the members lacked any guidance in the evaluation of trial counsel's invitation to consider propensity, there is no assurance that the Government was held to its burden of proof or that Burton was convicted on direct evidence of the charged rape rather than upon the improper use of propensity derived from the other charged offense. The error was not harmless beyond a reasonable doubt.

---

[3] As this court said in Schroder, "[I]t is essential that . . . the members . . . be instructed that the introduction of such propensity evidence does not relieve the government of its burden of proving every element of every offense charged. Moreover, the factfinder may not convict on the basis of propensity evidence alone." Id. at 56.

United States v. Burton, No. 07-0848/AF

I would reverse the decision of the United States Air Force Court of Criminal Appeals, set aside the findings and sentence, and authorize a rehearing.