UNITED STATES, Appellee

v.

Paul H. SCHRODER, Chief Master Sergeant
U.S. Air Force, Appellant

No. 06-0657

Crim. App. No. 35855

United States Court of Appeals for the Armed Forces

Argued February 6, 2007

Decided May 31, 2007

BAKER, J., delivered the opinion of the Court, in which EFFRON,
C.J., and ERDMANN, STUCKY, and RYAN, JJ., joined.


Counsel

For Appellant:  Mary T. Hall, Esq. (argued); Major John N. Page
III (on brief); Major Sandra K. Whittington.


For Appellee:  Major Kimani R. Eason (argued); Colonel Gerald R.
Bruce and Major Matthew S. Ward (on brief); Lieutenant Colonel
Robert V. Combs.

Military Judge:  Kevin P. Koehler


**THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION.**

United States v. Schroder, No. 06-0657/AF

Judge BAKER delivered the opinion of the Court.

Appellant was tried by a general court-martial composed of officer and enlisted members.  Contrary to his pleas, he was convicted of one specification of rape of a child under sixteen and one specification of indecent acts[1] in violation of Articles 120 and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 920, 934 (2000).  The adjudged sentence included a dishonorable discharge, confinement for ten years, forfeiture of all pay and allowances, and reduction to E-4.  The convening authority approved the sentence as adjudged.  The United States Air Force Court of Criminal Appeals affirmed.  United States v. Schroder, No. ACM 35855 (A.F. Ct. Crim. App. Mar. 31, 2006).

On Appellant's petition, we granted review of the following issues:

> WHETHER THE MILITARY JUDGE ERRED IN ADMITTING
> EVIDENCE OF ALLEGED SEXUAL MOLESTATION ACTS BY
> APPELLANT INVOLVING [SC] AND [JR] AND FAILED TO
> ADEQUATELY INSTRUCT THE PANEL ON HOW TO USE SUCH
> EVIDENCE.
>
> WHETHER THE TRIAL COUNSEL IMPROPERLY ENGAGED IN
> INFLAMMATORY, IRRELEVANT, AND PREJUDICIAL
> COMMENTS DURING ARGUMENT BY URGING THE MEMBERS
> DURING THE MERITS AND SENTENCING TO RENDER
> JUSTICE NOT ONLY FOR THE ALLEGED VICTIMS OF THE
> CHARGED OFFENSES BUT FOR AN ALLEGED VICTIM OF
> UNCHARGED MISCONDUCT AS WELL.

---

[1] Appellant was charged with indecent acts with a child under sixteen, Manual for Courts-Martial, United States pt. IV, para. 87 (2002 ed.) (MCM), but convicted of the lesser offense of "indecent acts with another."  MCM pt. IV, para. 90.

2

Finding no error prejudicial to the substantial rights of Appellant, we affirm.

## Background

Appellant was accused of raping his then twelve-year-old daughter, JPR, in 1987, and of committing indecent acts with his twelve-year-old neighbor, SRS, in 2001. The indecent acts with SRS, which were alleged in a single specification, included "having her sit on his lap, placing his hand upon her leg, placing his hand upon her buttocks, placing his hand upon her groin area, kissing her on the neck, and grabbing her buttocks and pulling her toward his groin."

Before trial, the Government moved to admit evidence of other acts of child molestation pursuant to Military Rule of Evidence (M.R.E.) 414 and M.R.E. 404(b). This evidence included testimony by Appellant's stepdaughter, SJS, that Appellant had molested her in 1981 when she was nine years old. The evidence also included testimony by JPR that Appellant had committed other acts of molestation and sodomy with her in 1987.

The military judge ruled that the uncharged acts of molestation with SJS and JPR were admissible under M.R.E. 414 to prove that Appellant had raped JPR. He further determined that the uncharged acts with SJS and JPR, as well as the charged rape of JPR, were admissible under M.R.E. 414 in order to prove that Appellant had committed indecent acts with SRS.

Issue I -- The M.R.E. 414 Evidence

M.R.E. 414(a) provides that "[i]n a court-martial in which the accused is charged with an offense of child molestation, evidence of the accused's commission of one or more offenses of child molestation is admissible and may be considered for its bearing on any matter to which it is relevant."

Before admitting evidence of other acts of child molestation under M.R.E. 414, the military judge must make three threshold findings:  (1) that the accused is charged with an act of child molestation as defined by M.R.E. 414(a); (2) that the proffered evidence is evidence of his commission of another offense of child molestation; and (3) that the evidence is relevant under M.R.E. 401 and M.R.E. 402.  United States v. Wright, 53 M.J. 476, 482 (C.A.A.F. 2000) (requiring threshold findings before admitting evidence under M.R.E. 413); United States v. Dewrell, 55 M.J. 131, 138 n.4 (C.A.A.F. 2001) ("[a]s Rules 413 and 414 are essentially the same in substance, the analysis for proper admission of evidence under either should be the same").  The military judge must also conduct a M.R.E. 403 balancing analysis, applying among other factors those identified in Wright, including:  "[s]trength of proof of prior act -- conviction versus gossip; probative weight of evidence; potential for less prejudicial evidence; distraction of factfinder; and time needed for proof of prior conduct. . . .

4

temporal proximity; frequency of the acts; presence or lack of intervening circumstances; and relationship between the parties."  53 M.J. at 482 (citations omitted).

Before this Court, Appellant argues that of the five acts charged under the specification, two of the acts -- "placing his hand upon her leg" and "kissing her on the neck" -- did not satisfy M.R.E. 414's definition of an "offense of child molestation."  In particular, they did not fall within the Rule's definition of "sexual act" or "sexual contact."  As a result, the military judge erred when he admitted the uncharged acts with SJS and JPR to prove the single specification of indecent acts with SRS, without further qualification.

M.R.E. 414(d)-(g) defines an "offense of child molestation" in detail:

> (d)  For purposes of this rule . . . 'offense of child molestation' means an offense punishable under the Uniform Code of Military Justice, or a crime under Federal law or the law of a State that involved --
>
>> (1)  any sexual act or sexual contact with a child proscribed by the Uniform Code of Military Justice, Federal law, or the law of a State;
>>
>> (2)  any sexually explicit conduct with children proscribed by the Uniform Code of Military Justice, Federal law, or the law of a State;
>>
>> (3)  contact between any part of the accused's body, or an object controlled or

held by the accused, and the genitals or anus of a child;

(4) contact between the genitals or anus of the accused and any part of the body of a child;

(5) deriving sexual pleasure or gratification from the infliction of death, bodily injury or physical pain on a child; or

(6) an attempt or conspiracy to engage in conduct described in paragraphs (1) through (5) of this subdivision.

(e) For purposes of this rule, the term 'sexual act' means:

(1) contact between the penis and the vulva or the penis and the anus, and for purposes of this rule, contact occurs upon penetration, however slight, of the penis into the vulva or anus;

(2) contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus;

(3) the penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse, or gratify the sexual desire of any person; or

(4) the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person.

(f) For purposes of this rule, the term "sexual contact" means the intentional touching, either directly or through clothing, of the genitalia, anus, groin, breast, inner thigh, or

buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person.

(g) For purposes of this rule, the term "sexually explicit conduct" means actual or simulated:

(1) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between person of the same or opposite sex;

(2) bestiality;

(3) masturbation;

(4) sadistic or masochistic abuse; or

(5) lascivious exhibition of the genitals or pubic area of any person.

This definition provides an exclusive list of offenses that qualify as "offense[s] of child molestation." Thus, it does not give the military judge the discretion to admit uncharged misconduct in every case in which the accused has allegedly committed indecent acts or indecent liberties with a child as those offenses are defined by MCM pt. IV, para. 87. The charged acts must fall within the specific definition of an "offense of child molestation" set out in M.R.E. 414.

Appellant is correct that the acts of "placing his hand upon [SRS's] leg" and "kissing her on the neck," are not within the Rule's definitions for "sexual act" or "sexual contact." In contrast, the intentional touching of the "inner thigh" with intent to gratify the sexual desires is included as an act of

"sexual contact" under M.R.E. 414(f), which in turn is included in the definition of "offense of child molestation" in M.R.E. 414(d)(1). Neither the record nor the specification indicates that Appellant touched SRS's inner thigh. Further, there is nothing in M.R.E. 414's definition of "offense of child molestation" similar to the alleged act of kissing SRS on the neck. As a result, had these acts been charged in separate specifications, other acts of child molestation would not be admissible under M.R.E. 414 to prove that they occurred.

However, in this case, these acts were charged in a single specification that included factual allegations that fit the M.R.E. 414(f) definition of "sexual contact," including "placing his hand upon [SRS]'s buttocks, placing his hand upon her groin area . . . and grabbing her buttocks." Consequently, the specification alleged "an offense of child molestation."

Having determined that the indecent acts charge alleged an offense of child molestation under M.R.E. 414, we consider whether the military judge abused his discretion in admitting other acts evidence under M.R.E. 414 to prove the charged offenses. Wright, 53 M.J. at 483. The military judge made the required threshold findings and conducted a lengthy on-record M.R.E. 403 balancing analysis. As the military judge correctly noted, there was direct evidence in the form of eyewitness testimony by JPR and SJS that Appellant had committed the other

8

acts of child molestation, there were no significant intervening circumstances between the charged and uncharged acts, and with all three girls, Appellant had abused his position as a "father figure" to take advantage of each of the victims.[2]  Thus, as a threshold matter, we conclude that the military judge did not err in admitting evidence of uncharged misconduct with SJS and JPR.  We next address Appellant's argument that the military judge nonetheless erred in instructing the members on the use of this evidence.

"The question of whether a jury was properly instructed [is] a question of law, and thus, our review is de novo." United States v. Maxwell, 45 M.J. 406, 424 (C.A.A.F. 1996) (citing United States v. Snow, 82 F.3d 935, 938-39 (10th Cir. 1996)).[3]

---

[2] Appellant also takes issue with the military judge's application of the Huddleston v. United States, 485 U.S. 681, 690 (1988) standard, pointing out that the military judge stated only that he found that "members could reasonably find" and not that "the jury could reasonably find . . . by a preponderance of the evidence" that the other acts had occurred.  However, as the recitation of part of the standard made clear, the military judge was aware of his duty to act as a gatekeeper, and the omission of the "preponderance of the evidence" part of the standard is not in and of itself sufficient to rebut the presumption that the military judge knew and applied the law correctly.  See United States v. Raya, 45 M.J. 251, 253 (C.A.A.F. 1996).  With eyewitness testimony regarding each of the alleged acts, the military judge did not abuse his discretion in this regard.

[3] The defense requested an instruction limiting the members' use of uncharged misconduct evidence to the purposes permitted by

9

The military judge gave the following instruction on the use of uncharged misconduct evidence:

> Each offense must stand on its own and you must keep the evidence of each offense separate. The burden is on the prosecution to prove each and every element of each offense beyond a reasonable doubt. As a general rule, proof of one offense carries with it no inference that the accused is guilty of another offense. However, you may consider the similarities in the testimony of [SJS] and [JPR] concerning any alleged offensive touching with regard to the charged offense of rape. And you may consider the similarities in the testimony of [SRS], [SJS], and [JPR] concerning any alleged offensive touching with regard to the offense of indecent acts with a child.

This was the extent of the military judge's instructions regarding the use of SJS's and JPR's testimony admitted under M.R.E. 414.

Two instructional questions are presented. First, was the military judge required to disaggregate the instruction with respect to the three acts within the charge that qualified as molestation and the two acts that did not? Second, and in any event, did the military judge err in his instruction as to how the members could consider the M.R.E. 414 evidence?

---

M.R.E. 404(b). The defense request also included an instruction that "[y]ou may not conclude the accused is a bad person and has criminal tendencies and therefore convict him on that basis alone." We apply the abuse of discretion standard to a military judge's decision on whether to give a tailored instruction requested by the defense. United States v. Damatta-Olivera, 37 M.J. 474, 478 (C.M.A. 1993). However, since the issue presented concerns the accuracy of the statement of law contained in the instructions given, and not solely the failure to give a requested tailored instruction, we apply the de novo standard of review.

The first question is addressed through reference to the Rule itself.  M.R.E. 414(a) provides that evidence of other acts of child molestation is admissible "[i]n a court martial in which the accused is charged with an offense of child molestation."  The Rule does not limit the use of that evidence to qualifying acts within a specification, but rather to prove the specification itself.  Congress could have expressly limited the Rule's application to specific acts, but it did not do so. This conclusion is consistent with the legal policy that informs M.R.E. 403.  If the military judge were to disaggregate the instructions, as Appellant urges, providing a separate instruction for each act alleged in a single specification, there is potential for increased confusion among members.  Such a rule might also encourage the government to charge multiple offenses in separate specifications in order to avoid such confusion and streamline the presentation of evidence, even where the interests of justice are better served by charging multiple acts in a single specification.  Thus, the military judge was not required to give an instruction distinguishing between the acts that met the definition of "offense of child molestation" in M.R.E. 414 and those that did not.

Appellant next argues that the military judge erred by not instructing the jury that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in

order to show action in conformity therewith" in accordance with Appellant's request.  M.R.E. 414, like its counterpart Fed. R. Evid. 414, was "intended to provide for more liberal admissibility of character evidence in criminal cases of child molestation where the accused has committed a prior act of sexual assault or child molestation."  MCM, Analysis of the Military Rules of Evidence app. 22 at A22-37.  At the same time, there is an inherent tension between the Rule and traditional concerns regarding convictions based on "bad character" evidence.  Such evidence has long been regarded as having the tendency to relieve the government of its constitutional burden to prove every element of the charged offense beyond a reasonable doubt.  Thus, the Judicial Conference of the United States noted in response to the proposed federal rules:

> [T]he new rules, which are not supported by empirical evidence, could diminish significantly the protections that have safeguarded persons accused in criminal cases and parties in civil cases against undue prejudice.  These protections form a fundamental part of American jurisprudence and have evolved under long-standing rules and case law.  A significant concern identified by the committee was the danger of convicting a criminal defendant for past, as opposed to charged, behavior or for being a bad person.

Judicial Conference of the United States, Report of the Judicial Conference on the Admission of Character Evidence in Certain Sexual Misconduct Cases, 159 F.R.D. 51, 52 (1995).

As recognized in Wright, procedural safeguards are required to protect the accused from unconstitutional application of M.R.E. 413 and M.R.E. 414. These safeguards include the requirement that the military judge make "threshold findings" that the evidence is relevant under M.R.E. 401 and M.R.E. 402; the military judge's application of M.R.E. 403; the military judge's preliminary application of the Huddleston standard; and the requirement that the government give prior notice of its intent to use M.R.E. 413(b) or M.R.E. 414 evidence. Wright, 53 M.J. at 483. The safeguards also include the requirement of proper instructions.

In this case, the military judge's instructions fell short. The military judge correctly instructed the members that "[t]he burden is on the prosecution to prove each and every element of each offense beyond a reasonable doubt. As a general rule, proof of one offense carries with it no inference that the accused is guilty of another offense." Nonetheless, the military judge qualified this statement by informing the members that they may "[h]owever . . . consider the similarities in the testimony" of the three alleged victims concerning the alleged rape and indecent acts. On its own, the instruction was susceptible to unconstitutional interpretation: that the members were permitted to conclude that the presence of "similarities" between the charged and uncharged misconduct

13

were, standing alone, sufficient evidence to convict Appellant

of the charged offenses.

The Military Judges Benchbook suggests that where an

instruction on propensity evidence is given, the members should

also be instructed that:

> You may not, however, convict the accused of one
> offense merely because you believe (he)(she) committed
> (this)(these) other offense(s) or merely because you
> believe (he)(she) has a propensity to commit (sexual
> assault)(child molestation).  Each offense must stand
> on its own and proof of one offense carries no
> inference that the accused is guilty of any other
> offense.  In other words, proof of one (sexual
> assault)(act of child molestation) creates no
> inference that the accused is guilty of any other
> (sexual assault)(act of child molestation).  However,
> it may demonstrate that the accused has a propensity
> to commit that type of offense.  The prosecution's
> burden of proof to establish the accused's guilt
> beyond a reasonable doubt remains as to each and every
> element of each offense charged.

Dep't of the Army, Pamphlet 27-9, Legal Services, Military

Judges Benchbook ch. 7, para. 7-13-1 (2002).[4]

The United States Court of Appeals for the Tenth Circuit,

quoting the district court's instruction to the jury, approved a

---

[4] We note too the United States Army Court of Criminal Appeals'
recent decision that held that in cases where the military judge
instructs that "propensity" is a proper use of M.R.E. 413
evidence, the military judge is also required to give the
Benchbook instruction or other similar instruction that the
members "may not convict the accused solely because they may
believe the accused committed other sexual assault offenses or
has a propensity or predisposition to commit sexual assault
offenses" and "may not use Rule 413 evidence as substitute
evidence to support findings of guilty or to overcome a failure
of proof in the government's case, if any."  United States v.
Dacosta, 63 M.J. 575, 583 (A. Ct. Crim. App. 2006).

different formulation in United States v. McHorse, 179 F.3d 889,

903 (10th Cir. 1999):

> In a criminal case in which the defendant is accused
> of . . . an offense of child molestation, evidence of
> the defendant's commission of another offense or
> offenses of child molestation is admissible and may be
> considered for its bearing on any matter to which it
> is relevant. However, evidence of a prior offense on
> its own is not sufficient to prove the defendant
> guilty of the crimes charged in the indictment. Bear
> in mind as you consider this evidence at all times the
> government has the burden of proving that the
> defendant committed each of the elements of the
> offense charged in the indictment. I remind you that
> the defendant is not on trial for any act, conduct, or
> offense not charged in the indictment.

Although the law does not mandate a formulaic instruction,

it is essential that where, as here, the members are instructed

that M.R.E. 414 evidence may be considered for its bearing on an

accused's propensity to commit the charged crime, the members

must also be instructed that the introduction of such propensity

evidence does not relieve the government of its burden of

proving every element of every offense charged. Moreover, the

factfinder may not convict on the basis of propensity evidence

alone.

The Government argues that the military judge did not err

because he modeled his instruction on the instruction quoted in

Dewrell, 55 M.J. at 138. Dewrell was charged with raping a

young girl, but was acquitted of rape and found guilty of

indecent acts with a different girl. Id. at 132. In our

15

analysis addressing the admissibility of M.R.E. 413 and M.R.E. 414 evidence, we noted that the military judge gave an instruction stating that "you may consider any similarities in the testimony of Ms. [P, A,] and Specialist [C] concerning masturbation with regard to the Specification of Charge II [rape]."  Id.  However, the sufficiency of this instruction was not at issue, and it is not clear whether any prejudice could have resulted because Dewrell was acquitted of the offense on which the members were instructed to "consider [the] similarities."  Id.  As a result, this Court cited, but did not analyze or validate the instruction, and the Government's reliance on Dewrell is misplaced.

Prejudice

Having found error in the instructions, we must determine whether the error resulted in material prejudice to a substantial right of the accused.  "Because there are constitutional dimensions at play, [Appellant's] claims must be tested for prejudice under the standard of harmless beyond a reasonable doubt."  United States v. Wolford, 62 M.J. 418, 420 (C.A.A.F. 2006).

The members acquitted Appellant of indecent acts with a child.  MCM pt. IV, para. 87.b. defines indecent acts with a child as having the following elements:  (a) the accused committed a certain act upon or with the body of a person; (b)

16

that the person was under sixteen years of age and not the spouse of the accused; (c) that the act of the accused was indecent; (d) that the accused committed the act with intent to arouse, appeal to or gratify the lust, passions, or sexual desires of the accused, the victim, or both; and (e) such conduct was prejudicial to good order and discipline and/or service discrediting.  In contrast, MCM pt. IV, para. 90.b. defines the offense of indecent acts with another as having the following elements:  (a) the accused committed a certain wrongful act with a certain person; (b) that the act was indecent; and (c) that it was conduct prejudicial to good order and/or service discrediting.  The military judge accordingly instructed the members on the offense of indecent acts with another as a lesser included offense of indecent acts with a child.  Appellant contested this charge on the ground that he did not intend sexual gratification with SRS, not on the theory that he did not know or mistook her age.  The finding of guilty only of the lesser included offense of indecent acts with another, which lacks the element of specific intent which Appellant disputed at trial, suggests that the members were not swayed to convict on this count by the instructional error regarding the use of propensity evidence.  Based on the members' finding of guilty only on the lesser included offense of indecent acts, the totality of the instructions provided by the

17

military judge, and the detailed and credible nature of SRS's testimony, we are convinced beyond reasonable doubt that the error did not contribute to Appellant's conviction. United States v. Kreutzer, 61 M.J. 293, 298 (C.A.A.F. 2005).

With respect to the rape of JPR, as discussed above, the military judge properly admitted the testimony by SJS that Appellant had committed other offenses of child molestation about six years earlier. In addition to the eyewitness testimony regarding charged and uncharged misconduct, the Government's evidence included several statements by Appellant to various law enforcement agencies. Appellant's statements included an admission that he had "patted the side of [JPR's] breasts," and corroborated details of JPR's testimony regarding the day the rape occurred. Given the strength of the Government's case, we are also convinced that this finding was not swayed by the incorrect instruction.

## Issue II -- Improper Argument

Trial counsel began his closing argument on the merits stating:

> Stolen Innocence, Justice Past Due.
>
> We indicated that to you at the beginning of this trial, and the evidence certainly has played out exactly as we indicated to you.
>
> This case details events lasting 20 years, three different girls, one common ground, that this man who

> sits in this courtroom today raped, molested, committed indecent acts with each of them.

After asking the members to set aside disbelief that an accused who "wears the same uniform and has for some time" could commit "unspeakable things," trial counsel asked the members to "put that aside and evaluate the facts fairly. We owe that much to those three young girls." Trial counsel returned to his theme again near the end of the argument, stating "[t]his is somebody we should be able to trust, but it happened and it happened again and again and again. 20 years. Three girls. One common theme." Throughout his argument, trial counsel displayed a slide show. The first and last slides contained a photograph of the three alleged victims. In the photographs, JPR and SJS were pictured as young girls. The slide also contained the heading "STOLEN INNOCENCE, JUSTICE PAST DUE." At the end of his rebuttal argument on findings, trial counsel again made reference to the slide, stating "Don't forget about the victims. Don't forget about [SJS], [JPR], and [SRS as] they appear on that picture. The pictures are silent, but their silence screams for justice."

In closing arguments on sentencing, assistant trial counsel again displayed the slide depicting the three girls with the same heading "STOLEN INNOCENCE, JUSTICE PAST DUE." Assistant trial counsel referred to the uncharged acts with SJS indirectly

by stating that Appellant "used his position as a father, stepfather, and a father figure to abuse young girls"; and by again showing the slide of the three girls and stating: "Look at those girls. That is why we are here today. They deserve justice. They have been waiting for years for justice. They scream for justice. Members, make sure your sentence delivers justice to those girls . . . ."

Defense counsel did not object to this line of argument or to the slides. As a consequence, we review the argument of trial counsel for plain error. Rule for Courts-Martial (R.C.M.) 919(c); United States v. Haney, 64 M.J. 101, 105 (C.A.A.F. 2006).

As this Court has often stated, "the trial counsel is at liberty to strike hard, but not foul, blows." United States v. Baer, 53 M.J. 235, 237 (C.A.A.F. 2000). To that end, the R.C.M. and our case law provide that it is error for trial counsel to make arguments that "unduly . . . inflame the passions or prejudices of the court members." United States v. Clifton, 15 M.J. 26, 30 (C.M.A. 1983); R.C.M. 919(b) Discussion. An accused is supposed to be tried and sentenced as an individual on the basis of the offense(s) charged and the legally and logically relevant evidence presented. Thus, trial counsel is also prohibited from injecting into argument irrelevant matters, such as personal opinions and facts not in evidence. United States

v. Fletcher, 62 M.J. 175, 180 (C.A.A.F. 2005); R.C.M. 919(b) Discussion.

Appellant argues that trial counsels' argument constituted plain error because it exhorted the members to "administer justice for the purported victim of uncharged misconduct as well as for the victims of the charged offenses." In response, the Government argues that trial counsels' argument did not constitute an inappropriate reference to the victim of uncharged misconduct, or if it did, any error was harmless.

On the one hand, M.R.E. 414(a) provides that evidence of uncharged misconduct may be considered for "any matter to which it is relevant." On the other hand, as noted above, there is a risk with propensity evidence that an accused may be convicted and sentenced based on uncharged conduct and not the acts for which he is on trial. As a result, where M.R.E. 414 evidence is admitted there is a need for procedural safeguards to delimit the use of such evidence. One such safeguard is to ensure that trial counsel does not use such evidence to unduly inflame the members. The M.R.E. 414 safeguards could be undermined if trial counsel's comments were permitted to range outside the realm of legally "relevant matters" and express a sense of outrage and injustice regarding the victims of uncharged misconduct.

In the present case, trial counsels' appeal to render justice for SJS, as reflected in their arguments and the

21

parallel use of her photograph with those of JPR and SRS, was error. Trial counsels' presentation invited members to convict and punish Appellant for his uncharged misconduct, as opposed to using that misconduct to inform their judgments regarding the charged conduct. The error was also plain and obvious. Appellant was not charged with offenses against SJS. Thus, as a matter of law, not morality, the court was not convened to render justice to SJS.

However, Appellant has not met his burden of establishing plain error. United States v. Hardison, 64 M.J. 279, 281 (C.A.A.F. 2007). Improper argument does not require reversal unless "the trial counsel's comments, taken as a whole, were so damaging that we cannot be confident that the members convicted the appellant on the basis of the evidence alone." Fletcher, 62 M.J. at 184. In both closing and sentencing argument, trial counsels' inappropriate allusions to SJS were limited to the passages quoted above. Trial counsel otherwise stayed within the range of appropriate comment throughout a lengthy findings argument and rebuttal, covering forty and sixteen pages in the record of trial, respectively, and a sentencing argument that covered twelve pages in the record of trial. Moreover, the Government's case was strong. Among other things, the evidence regarding SJS was already graphically and appropriately before the members. These factors suggest that it was the evidence and

not trial counsel's isolated comments that caused the members to return a guilty verdict.

On sentencing, the Government asked for twenty-to-twenty-five years of confinement in a case where Appellant was exposed to a life sentence. The members adjudicated a sentence of ten years of confinement and a dishonorable discharge in a case where the accused was convicted of raping his daughter and committing indecent acts with another young girl. This suggests that the members were not inflamed by trial counsel's argument and instead reached an independent judgment on sentencing.

Based on these factors we are confident that the improper portion of trial counsel's argument did not sway the findings or the sentence.

## Decision

The decision of the United States Air Force Court of Criminal Appeals is affirmed.