EFFRON, Chief Judge
(concurring in part and in the result):
I agree with the majority opinion that trial counsel erred in urging the members to consider the two charged offenses as propensity evidence. For the reasons set forth below, I would conclude that the generic spillover instruction given by the military judge should have been supplemented by a tailored instruction on the issue of propensity. I agree that this case may be affirmed because the instructional error was not prejudicial under Article 59(a), 10 U.S.C. § 859(a) (2000).

The prosecution’s improper propensity argument

Appellant’s court-martial involved two distinct allegations of sexual misconduct — the first charged as occurring in 2000 and the second charged as occurring in 2004. The prosecution introduced evidence related to each incident at the court-martial, and the admissibility of such evidence is not the subject of the present appeal.
The issues on appeal pertain to the comments made in trial counsel’s closing argument, in which counsel asked the court-martial panel to “compare” the different charges for the purpose of assessing Appellant’s “propensity to commit these types of offenses” and his modus operandi. As noted in the majority opinion, the prosecution may not ask the panel to conclude that an accused is guilty of one offense by citing similarities to another distinct offense unless: (1) the argument involves permissible use of the evidence, such as under an exception provided by Military Rule of Evidence (M.R.E.) 404 *155 (“Character evidence not admissible to prove conduct; exceptions; other crimes”) or M.R.E. 413 (“Evidence of similar crimes in sexual assault cases”); and (2) the military judge has analyzed and approved the use of the evidence in that manner under the applicable safeguards. United States v. Burton, 67 M.J. at 152-58 (C.A.A.F.2009).
In the Court of Criminal Appeals, Appellant contended that trial counsel improperly asked the court-martial panel to view the distinct offenses as evidence of Appellant’s propensity to engage in sexual assault. After noting that the defense had not objected to the prosecution’s argument at trial, the Court of Criminal Appeals reviewed the contention under a plain error standard. See United States v. Powell, 49 M.J. 460, 463-65 (C.A.A.F.1998) (holding that plain error review entails consideration of: (1) whether there was error; (2) whether the error was plain or obvious; and (3) whether the error materially prejudiced the substantial rights of the accused); Article 59(a), 10 U.S.C. § 859(a) (2000).
The Court of Criminal Appeals concluded that there was no error because the use of propensity evidence is permissible under M.R.E. 413 in a sexual assault case. As noted in the majority opinion, one problem with reliance on M.R.E. 413 in this case is that the prosecution at trial did not follow the required steps for use of propensity evidence under M.R.E. 413. Burton, 67 M.J. at 153. Of particular note, the prosecution offered its propensity argument before the military judge could make the requisite determinations as to relevance and prejudice under M.R.E. 401, M.R.E. 402, and M.R.E. 403. See Burton, 67 M.J. at 153. A further problem is that even if the evidence had been properly approved as propensity evidence, the military judge did not provide the panel with an appropriate limiting instruction tailored to the issue of propensity. See United States v. Schroder, 65 M.J. 49, 56 (C.A.A.F. 2007).
The majority opinion concludes that trial counsel’s error did not meet the second prong of the plain error test because, in the context of the full trial, it was not plain or obvious that the military judge should have given a propensity instruction. See Burton, 67 M.J. at 153. In that regard, the majority opinion notes that the evidence at issue was admitted properly on the distinct offenses, the prosecution did not conflate the separate offenses during the factual presentation of the evidence, the evidence was not offered as propensity evidence under M.R.E. 413, and the military judge provided the members with an appropriate spillover instruction. Id. at 153-54. Although these considerations bear on the third aspect of the plain error test — whether any error by the military judge materially prejudiced the substantial rights of the accused — they are not determinative on the question of whether the military judge properly instructed the members in this case.
The prosecution improperly argued that although the members could not “take proof of one offense to find [Appellant] guilty of another,” they could “take these [charges] and compare them for his propensity to commit these types of offenses.” Without a ruling by the military judge on relevance and prejudice under M.R.E. 401, M.R.E. 402, and M.R.E. 403, trial counsel’s propensity argument was not permissible under M.R.E. 413, either directly or by analogy. Moreover, the propensity argument did not fit into any of the exceptions for character evidence under M.R.E. 404.
Trial counsel’s argument not only raised the subject of propensity without the appropriate predicate ruling by the military judge, but also placed the import of the military judge’s spillover instruction at issue by suggesting that the spillover instruction did not apply to propensity evidence. Irrespective of whether the propensity argument was permissible under M.R.E. 413 or impermissible under M.R.E. 404, the military judge was required to give an appropriate tailored instruction expressly addressing the subject of propensity. See Schroder, 65 M.J. at 56 (stating, in a case where evidence could be used to show propensity under the parallel propensity provisions of M.R.E. 414, that the court-martial panel “must also be instructed that the introduction of such propensity evi *156 dence does not relieve the government of its burden of proving every element of every offense charged” and that “the factfinder may not convict on the basis of propensity evidence alone”); United States v. Levitt, 35 M.J. 114, 120 (C.M.A.1992) (stating, in a case where the evidence could not be used to show propensity, that “the instruction must expressly bar use of the evidence for improper purposes, including proof of bad character or propensity for crime”). In the present case, the military judge’s generic spillover instruction did not relieve him of the responsibility to provide a specific instruction expressly tailored to the subject of propensity.

Prejudice under the plain error standard

Notwithstanding these errors, plain or otherwise, relief is not warranted under the third prong of the plain error test because the errors did not materially prejudice the substantial rights of Appellant. Although the military judge should have supplemented the standard spillover instruction with a specific instruction on propensity, the standard instruction provided the panel with some guidance on the impermissibility of using one charged offense as the basis for a finding of guilt on the other charged offense. Likewise, trial counsel limited the potential effect of the improper argument by explicitly reminding the members that they could not use their determination of guilt on one offense to find guilt on the othey. Finally, the context of the trial and the accumulation of distinct and clearly defined evidence of the crimes committed against Senior Airman DH, combined with the lack of defense objection to trial counsel’s arguments and the members’ finding that Appellant committed only consensual acts with SS, indicate that the improper statements of trial counsel did not have a significant impact on the members. Accordingly, I agree that the findings and sentence may be affirmed.