*This opinion is subject to revision before publication*

# UNITED STATES COURT OF APPEALS
## FOR THE ARMED FORCES

———————————

**UNITED STATES**
Appellee

**v.**

**Colby C. BAILEY, Seaman**
United States Coast Guard, Appellant

**No. 17-0265**
Crim. App. No. 1428

Argued October 25, 2017—Decided November 29, 2017

Military Judges: Christine N. Cutter and Ian K. Thornill

For Appellant: *Lieutenant Commander Jason W. Roberts* (argued).

For Appellee: *Stephen P. McCleary*, Esq. (argued); *Lieutenant Sharyl L. Pels* (on brief).

Judge OHLSON delivered the opinion of the Court, in which Chief Judge STUCKY, Judges RYAN and SPARKS, and Senior Judge ERDMANN, joined.

———————————

Judge OHLSON delivered the opinion of the Court.

Contrary to his pleas, a general court-martial with enlisted representation convicted Appellant of three specifications of sexual assault and one specification of abusive sexual contact in violation of Article 120, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920 (2012).[1] The panel sentenced Appellant to eighteen months of confinement, reduction in rank to E-1, a dishonorable discharge, and forfeiture of all pay and allowances. The convening authority approved the sentence as adjudged. The United States Coast Guard Court of Criminal Appeals (CCA) then affirmed both the findings and sentence "as approved below." However, in its description of the approved sentence, the CCA did not reference the forfeiture of all pay and allowances.

---

[1] Appellant was also found guilty of assault consummated by battery in violation of Article 128, UCMJ, 10 U.S.C. § 928 (2012), but the military judge dismissed the charge as "duplicitous."

We granted review of the following issues:

> I. Upon request by the defense counsel and using a defense-drafted instruction, should the military judge have provided the members with an explanation of the term 'incapable'?

> II. Whether the decision of the United States Coast Guard Court of Criminal Appeals is ambiguous as to whether the affirmed sentence included forfeiture of all pay and allowances.

*United States v. Bailey*, 76 M.J. 266 (C.A.A.F. 2017).

We conclude that the military judge was not required to provide either the defense-requested instruction or a sua sponte instruction on "incapable of consenting." We further conclude that the CCA's affirmed sentence is ambiguous as to whether it includes forfeiture of all pay and allowances. We therefore affirm the findings but set aside the sentence and remand for clarification.

## I. Member Instructions

### A. Background

Appellant was charged with three sexual assault specifications, each of which stated that the victim "was incapable of consenting to the sexual act because she was impaired by an intoxicant, to wit: alcohol." Appellant requested the military judge instruct the members on the definition of "incapable" as follows:

> "Incapable" means a complete and total mental impairment and incapacity due to the consumption of alcohol, drugs, or similar substance; while asleep or unconscious; which rendered the alleged victim completely unable to appraise the nature of the sexual conduct at issue, completely unable to physically communicate unwillingness to engage in the sexual conduct at issue, or otherwise completely unable to communicate competent decisions.

The military judge denied the request and did not provide any instruction defining "incapable." However, the military judge did give the Military Judges' Benchbook definition of "consent." *See* Dep't of the Army, Pam. 27-9, Legal Services, Military Judges' Benchbook ch. 3, para. 3-45-14.d, NOTE 8 (2014) [hereinafter Military Judges' Benchbook].

2

## B. Applicable Law

Sexual assault requires in relevant part that the victim be "incapable of consenting to the sexual act" due to "impairment by any . . . intoxicant." Article 120(b)(3)(A), UCMJ. In *United States v. Pease,* we approved the use of the following definition of "incapable of consenting": "lack[ing] the cognitive ability to appreciate the sexual conduct in question or [lacking] the physical or mental ability to make [or] to communicate a decision about whether [the complainant] agreed to the conduct." 75 M.J. 180, 185–86 (C.A.A.F. 2016) (first two alterations in original) (internal quotation marks omitted) (citation omitted).[2]

A military judge is required to instruct on the elements of a charged offense. Rule for Courts-Martial (R.C.M.) 920(e)(1); Article 51(c), UCMJ, 10 U.S.C. § 851(c) (2012). These instructions "should fairly and adequately cover the issues presented," and should include "[s]uch other explanations, descriptions, or directions as may be necessary and which are properly requested by a party or which the military judge determines, *sua sponte*, should be given." R.C.M. 920(a) Discussion; R.C.M. 920(e)(7). When deciding whether the military judge properly instructed a panel, this Court uses a de novo standard of review. *United States v. Schroder,* 65 M.J. 49, 54 (C.A.A.F. 2007).

A counsel has the right to request tailored instructions, but a military judge has "substantial discretionary power" regarding whether to give those instructions. *United States v. Damatta-Olivera*, 37 M.J. 474, 478 (C.M.A. 1993); *see also United States v. Carruthers*, 64 M.J. 340, 345–46 (C.A.A.F. 2007) (reviewing military judge's ruling on a defense-requested instruction for abuse of discretion).

In reviewing whether a military judge erred by not providing a requested instruction in a specific case, this Court uses a three-pronged test. *Carruthers*, 64 M.J. at 346. Specifically, we must determine whether: (1) the requested

---

[2] We note that our decision in *Pease* did not mandate the use of this instruction on "incapable of consenting." Rather, our decision merely held that the definition used by the United States Navy-Marine Corps Court of Criminal Appeals was proper. 75 M.J. at 186.

instruction is correct; (2) the main instruction given does not substantially cover the requested material; and (3) the instruction "is on such a vital point in the case that the failure to give it deprived [the accused] of a defense or seriously impaired its effective presentation." *Id.* (alteration in original) (internal quotation marks omitted) (quoting *United States v. Gibson*, 58 M.J. 1, 7 (C.A.A.F. 2003)). All three prongs must be satisfied for there to be error. *United States v. Barnett*, 71 M.J. 248, 253 (C.A.A.F. 2012).

## C. Analysis

In deciding the initial issue presented we must examine two distinct questions. First, did the military judge abuse his discretion when he declined to give the defense-requested instruction regarding the definition of "incapable"? And second, absent the defense-requested instruction, did the military judge err by failing to give any other instruction that appropriately defined the term "incapable of consenting"? We answer both questions in the negative and conclude that there was no instructional error in this case.

### 1. Defense-Requested Instruction

We begin by turning our attention to whether the defense-requested instruction meets the *Carruthers* three-pronged test for finding error. 64 M.J. at 346. As demonstrated below, we conclude that the instruction fails the very first prong of the test because it contains an inaccurate statement of law. *Id.*

First, the defense-requested instruction is erroneous because it uses language from a different section of Article 120, UCMJ, than the one used by the Government to charge Appellant. Specifically, the defense-requested instruction uses language from Article 120(b)(2), UCMJ, by referring to the victim as being "asleep or unconscious."[3] However, the Government charged Appellant under Article 120(b)(3), UCMJ,

---

[3] Article 120(b)(2), UCMJ, refers to sexual assault as committing "a sexual act upon another person when the person knows or reasonably should know that the other person is *asleep, unconscious*, or otherwise unaware that the sexual act is occurring." (Emphasis added.)

which does not contain any language of being "asleep or unconscious."[4]

Second, the defense-requested language of "while asleep or unconscious" suggests that the complainant needed to be asleep or unconscious in order to be "incapable" of consenting. That suggestion is a misstatement of the law because a person can be awake and conscious and still be incapable of consenting. *See Pease*, 75 M.J. at 183, 186 (finding that the Navy-Marine Corps Court of Criminal Appeals applied the proper definition of "incapable of consenting" where that definition did not require the complainant to be asleep or unconscious).

Third, the proposed instruction's use of the phrase "complete and total" and repeated use of the word "completely" are inconsistent with the language of Article 120, UCMJ, as well as with the definition approved by this Court in *Pease*. The defense's use of this language in its requested instruction erroneously implies that the complainant must not have been able to communicate *at all*.[5] However, the instruction approved in *Pease* is more nuanced. ("[I]ncapable of consenting" means lacking "the physical or mental ability to make [or] to communicate a decision about whether [the complainant] agreed to the conduct." *Pease*, 75 M.J. at 185 (internal quotation marks omitted) (citation omitted).) Requiring that the complainant be completely unable to communicate is a higher burden than the statute requires and thus is an erroneous statement of the law. *See* Article 120(b)(3)(A), UCMJ.

---

[4] Article 120(b)(3), UCMJ, refers to sexual assault as committing "a sexual act upon another person when the other person is incapable of consenting to the sexual act due to . . . impairment by any drug, intoxicant, or other similar substance, and that condition is known or reasonably should be known by the person."

[5] According to the defense-requested instruction, "incapable" means "*complete and total* mental impairment and incapacity" which rendered the alleged victim "*completely unable* to physically communicate unwillingness to engage in the sexual conduct at issue, or otherwise *completely unable* to communicate competent decisions." (Emphasis added.)

We therefore conclude that the defense-requested instruction was an incorrect statement of the law and so fails the first prong of the *Carruthers* test. 64 M.J. at 346. Because all three prongs must be satisfied in order for this Court to find error, we need not address the other two prongs. *Barnett*, 71 M.J. at 253. Accordingly, we conclude that the military judge did not err in refusing to give the defense-requested instruction.

### 2. General Instruction

We now turn to whether the military judge was required to provide a sua sponte instruction on "incapable of consenting."

"[I]ncapable of consenting" is an element of the charged offense. *Manual for Courts-Martial, United States* pt. IV, para. 45.a.(b)(3) (2012 ed.). Therefore, if a definition of that phrase had been necessary for the panel members to understand it, then such an instruction would have been mandatory. R.C.M. 920(e)(1). However, it is a well known principle that "[w]ords generally known and in universal use do not need judicial definition." *United States v. Nelson*, 53 M.J. 319, 321 (C.A.A.F. 2000) (internal quotation marks omitted) (quoting *United States v. Gibson,* 17 C.M.R. 911, 935 (A.F.B.R. 1954)). Consistent with that principle, we conclude that the phrase "incapable of consenting" does not require additional definition and therefore instruction on this point was not required.

"Incapable" is not a technical legal or scientific term. *See United States v. Shepard*, 1 C.M.A. 487, 492, 4 C.M.R. 79, 84 (1952) ("The words used in the instruction were not technical and would be generally understood by members of the court-martial."). The plain meaning of "incapable" is one that is generally—and correctly—understood as being unable to do something. At trial, the military judge gave an instruction on the definition of "consent." Therefore, the plain meaning of "incapable" combined with the definition of "consent" allowed the panel to understand the element "incapable of consenting." As such, the military judge was not re-

6

quired to give an instruction on the definition of "incapable of consenting."**6**

## II. CCA Ambiguity

In deciding the second issue presented, we begin by noting that this Court "may act only with respect to the findings and sentence" as affirmed by a Court of Criminal Appeals. Article 67(c), UCMJ, 10 U.S.C. § 867(c) (2012). Further, "[t]he appropriate remedy for incomplete or ambiguous rulings is a remand for clarification." *United States v. Kosek*, 41 M.J. 60, 64 (C.M.A. 1994); *see also United States v. Richardson*, 68 M.J. 480 (C.A.A.F. 2010) (summary disposition).

The sentence approved by the convening authority included forfeiture of all pay and allowances. In describing Appellant's approved sentence the CCA omitted any reference to the forfeiture of all pay and allowances, although it did state that Appellant's sentence was affirmed "as approved below." We therefore conclude that the CCA opinion is ambiguous as to whether the court below affirmed a sentence that included forfeiture of all pay and allowances. Accordingly, we remand this case to the CCA for clarification of this point.

## III. Conclusion

We hold that the military judge did not abuse his discretion in declining to use the defense-requested instruction, and that he did not err in failing to give any other instruction that defined the term "incapable." We further hold that the CCA opinion in this case is ambiguous as to the affirmed sentence. Accordingly, we affirm the findings and set aside the sentence. The record of trial is returned to the Judge Advocate General of the Coast Guard for remand to the

---

**6** After Appellant's trial and this Court's decision in *Pease*, the Military Judges' Benchbook was updated to include a definition for "incapable of consenting." Military Judges' Benchbook ch. 3, para. 3-45-14 (2017). Nothing in this opinion should be read to mean that the Benchbook definition should not be given. *See United States v. Riley*, 72 M.J. 115, 122 (C.A.A.F. 2013) ("While . . . the Benchbook is not binding as it is not a primary source of law, the Benchbook is intended to ensure compliance with existing law.").

United States Coast Guard Court of Criminal Appeals for clarification as to the affirmed sentence.