*This opinion is subject to revision before publication*

# UNITED STATES COURT OF APPEALS
## FOR THE ARMED FORCES

───────────────

**UNITED STATES**
Appellee

**v.**

**Rodney M. TYLER, Master Sergeant**
United States Air Force, Appellant

**No. 20-0252**
Crim. App. No. 39572

Argued February 9, 2021—Decided April 26, 2021

Military Judges: Matthew D. Talcott (arraignment)
and Jefferson D. Brown (trial)

For Appellant: *Captain Matthew L. Blyth* (argued); *Lieutenant Colonel Todd J. Fanniff* (on brief); *Major Benjamin H. DeYoung* and *Major David A. Schiavone.*

For Appellee: *Major Dayle P. Percle* (argued); *Lieutenant Colonel Matthew J. Neil* and *Mary Ellen Payne*, Esq. (on brief).

Judge SPARKS delivered the opinion of the Court, in which Chief Judge STUCKY, and Judges OHLSON, MAGGS, and HARDY, joined.

───────────────

Judge SPARKS delivered the opinion of the Court.

Contrary to his pleas at a general court-martial, Appellant was convicted by a panel of officer members of one specification of aggravated sexual abuse of a child, two specifications of indecent liberty with a child, and one specification of an indecent act, in violation of Article 120, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920 (2006 & Supp. V 2007–2012),[1] and two specifications of sexual abuse of a child, in violation of Article 120b, UCMJ, 10 U.S.C.

───────────────

[1] These statutory provisions are reprinted in the *Manual for Courts-Martial, United States*, Punitive Articles Applicable to Sexual Offenses Committed During the Period 1 October 2007 Through 27 June 2012 app. 21 at A21-1 to A21-2 (2019 ed.).

§ 920b (2012 & Supp. IV 2013–2017).[2] The members sentenced Appellant to a bad-conduct discharge, confinement for four years and six months, and a reduction to E-4. The United States Air Force Court of Criminal Appeals affirmed the findings and sentence as approved by the convening authority. *United States v. Tyler*, No. ACM 39572, 2020 CCA LEXIS 106 at *32, 2020 WL 1541058, at *12 (A.F. Ct. Crim. App. Mar. 30, 2020) (unpublished). We granted review on the following issue:

> Whether the military judge erred when he permitted trial counsel to argue facts not in evidence; namely, the unsworn victim impact statements which were not admitted as evidence under Rule for Courts-Martial 1001(b)(4).

*United States v. Tyler*, 80 M.J. 346 (C.A.A.F. 2020) (order granting review).

The military judge erred by ruling trial counsel could argue the contents of the unsworn statements, admitted under Rule for Courts-Martial (R.C.M.) 1001A (2016), because the statements could have been admitted in the Government's sentencing case-in-chief under R.C.M. 1001(b)(4). Nonetheless, for the reasons set forth below, we conclude that the military judge arrived at the correct result in permitting trial counsel to comment on the unsworn victim statements during presentencing argument. Therefore, we affirm the decision of the lower court.

## Background

Because the underlying facts leading to the charges and convictions in this case are not relevant to the sentencing issue before us, we need not engage in a lengthy recitation of Appellant's misdeeds. In short, Appellant's court-martial centered on his inappropriate actions toward his former stepdaughter, ML, and his biological daughter, MC, both of whom testified on the merits.

During presentencing, ML and MC elected to present unsworn victim statements pursuant to R.C.M. 1001A. Prior

---

[2] These statutory provisions are reprinted in the *Manual for Courts-Martial, United States*, Punitive Articles Applicable to Sexual Offenses Committed Between 12 June 2012 and 31 December 2018 app. 22 at A22-13 to A21-14 (2019 ed.).

to the victims reading their statements, trial defense counsel objected to several portions of the statements for failing to comply with the requirements of R.C.M. 1001A. The military judge overruled the objection to ML's statement. The military judge also overruled some of trial defense counsel's objection to MC's statement. To the portion where the military judge agreed with trial defense counsel's objection, MC elected to amend her unsworn victim statement to conform to the military judge's ruling. ML and MC then provided oral unsworn victim statements to the members.

During sentencing instructions, the military judge instructed the members on how they were to consider the unsworn victim statements:

> The court will not draw any adverse inference from the fact that a victim has elected to make a statement in sentencing which is not under oath. An unsworn statement is an authorized means for a victim to bring certain information to the attention of the court and must be given appropriate consideration. This information may be considered by you solely to evaluate the impact of the Accused's crimes on these victims, if any, or mitigating matters. The victim cannot be cross-examined by counsel, or interrogated by court members or me upon an unsworn statement, but counsel may offer evidence to rebut statements of fact contained in it. The weight and significance to be attached to an unsworn statement rests within the sound discretion of each court member. You may consider the statement is not under oath, its inherent probability or improbability, whether it is supported or contradicted by evidence in the case, as well as any other matter that may have a bearing upon its credibility. In weighing an unsworn statement, you are expected to use your common sense and your knowledge of human nature and the ways of the world.

The Government commented on the contents of the unsworn victim statements during its presentencing argument. Trial defense counsel objected, arguing that "[s]imply reference to [a victim's unsworn statement] is certainly permissible. But arguing it as if it's evidence is … where it crosses the line." The military judge overruled the objection and permitted trial counsel to comment on the

unsworn victim statements because, in his view, it was the "same information that would otherwise be properly admissible if offered in the Government's [sentencing] case-in-chief."

## Discussion

Appellant argues that the military judge erred by ignoring the distinctions between R.C.M. 1001A and R.C.M. 1001(b)(4) when he permitted trial counsel to comment on the victims' unsworn statements during presentencing argument.

Improper argument involves a question of law that we review de novo. *United States v. Frey*, 73 M.J. 245, 248 (C.A.A.F. 2014). Typically, "trial counsel is … prohibited from injecting into argument irrelevant matters, such as personal opinions and facts not in evidence." *United States v. Schroder*, 65 M.J. 49, 58 (C.A.A.F. 2007). However, trial counsel is entitled "to argue the evidence of record, as well as all reasonable inferences fairly derived from such evidence." *United States v. Baer*, 53 M.J. 235, 237 (C.A.A.F. 2000).

In 2013, Congress revised presentencing procedures by enacting Article 6b(a)(4)(B), UCMJ, 10 U.S.C. § 806b(a)(4)(B),[3] to give a victim the right to be "reasonably heard" at "[a] sentencing hearing" concerning the offense of which he or she is the victim. The President promulgated R.C.M. 1001A to "facilitate[] the statutory right 'to be reasonably heard.'" *United States v. Hamilton*, 78 M.J. 335, 339 (C.A.A.F. 2019) (internal quotation marks omitted) (quoting *United States v. Barker*, 77 M.J. 377, 378 (C.A.A.F. 2018)). A victim may make a sworn or unsworn statement during sentencing in a noncapital case. R.C.M. 1001A(b)(4)(B).

Separately, R.C.M. 1001(b)(4) governs what the prosecution may present as evidence in aggravation during presentencing, and permits trial counsel to "present evidence as to any aggravating circumstances directly relating to or resulting from the offenses of which the accused has been found guilty." R.C.M. 1001A "belongs to the victim, and is separate and distinct from the government's right to offer

---

[3] National Defense Authorization Act for Fiscal Year 2014, Pub. L. No. 113–66, § 1701, 127 Stat. 672, 952 (2013).

victim impact statements in aggravation, under R.C.M. 1001(b)(4)." *Barker*, 77 M.J. at 378.

The Government did not offer the statements under R.C.M. 1001(b)(4). Instead, the statements were admitted as court exhibits by the military judge pursuant to R.C.M. 1001A. The military judge erred in reasoning that trial counsel can argue the content of the unsworn statements simply because they could have been admitted as substantive evidence under R.C.M. 1001(b)(4). R.C.M. 1001A belongs to the victim and is separate and distinct from R.C.M. 1001(b)(4). *Barker*, 77 M.J. at 378. We may, however, affirm if the military judge arrived at the correct result, even if for the wrong reason. *See United States v. Robinson*, 58 M.J. 429, 433 (C.A.A.F. 2003) (affirming a military judge's denial of a motion to suppress evidence where "the military judge reached the correct result, albeit for the wrong reason"). Ultimately, the military judge permitted trial counsel to comment on the unsworn victim statements during sentencing argument. The question now before us is, was this the correct result?

If unsworn victim statements are part of the evidence of record, they can be commented on by counsel in presentencing argument. *Baer*, 53 M.J. at 237. In *Hamilton*, we explained:

> [T]he Military Rules of Evidence are applicable to sentencing [and] thus provid[e] procedural safeguards to ensure the reliability of evidence admitted during sentencing ... unsworn victim impact statements are uniquely situated in the substrate of the sentencing process. The plain language of R.C.M. 1001A (2016) clearly contemplates that at least some of the Military Rules of Evidence are inapplicable to victim impact statements.

78 M.J. at 342 (internal quotation marks omitted) (citation omitted).

In *Hamilton*, however, we did not decide the full extent to which the Military Rules of Evidence may or may not apply to unsworn victim statements. *Id*. In the instant case, both parties agree that the Military Rules of Evidence are inapplicable to unsworn victim statements. For the reasons that follow, we agree.

Procedurally, the R.C.M. 1001A(b)(4)(B) right of a victim to make an unsworn statement is akin to an accused's R.C.M. 1001(c)(2)(C) right to make an unsworn statement. Like an accused, a victim may, personally or through counsel, make an unsworn statement orally, in writing, or both, and may not be cross-examined or examined by the court upon it. R.C.M. 1001A(e); *cf.* R.C.M. 1001(c)(2)(C) (unsworn statement by an accused may be made personally or though counsel, and it may be made orally, in writing, or both, and may not be cross-examined or examined by the court upon it).

Article 42(b), UCMJ, 10 U.S.C. § 842(b) (2012), requires a witness to be sworn prior to giving testimony at a court-martial. A victim exercising their right to be reasonably heard at a sentencing proceeding under Article 6b, UCMJ, through the procedure established by R.C.M. 1001A, however, "is not considered a witness for the purposes of Article 42(b), [UCMJ]." R.C.M. 1001A(a). This non-witness designation strips an unsworn victim statement of its testimonial status, which removes it from the purview of the Military Rules of Evidence. In the accused unsworn statement context, we have stated, "[t]he truth of the matter is that these statements are *not* made under oath and, thus, the 'unsworn statement is not evidence.' " *United States v. Marsh*, 70 M.J. 101, 104 (C.A.A.F. 2011) (internal quotation marks omitted) (quoting *United States v. Breese*, 11 M.J. 17, 24 (C.M.A. 1981)). Likewise, unsworn victim statements are not made under oath, and are thus not evidence.

Although the unsworn victim statement is not subject to the Military Rules of Evidence, this does not mean that the military judge is powerless to restrict its contents. In *Hamilton*, 78 M.J. at 342, we cautioned that R.C.M. 1001A is "not a mechanism whereby the government may slip in evidence in aggravation that would otherwise be prohibited by the Military Rules of Evidence." Instead, the military judge has an obligation to ensure the content of a victim's unsworn statement comports with the parameters of victim impact or mitigation as defined by R.C.M. 1001A. *See* R.C.M. 1001A Discussion ("A victim's unsworn statement should not exceed what is permitted under R.C.M. 1001A(c) …. Upon objection by either party or *sua sponte*, a military judge may stop or interrupt a victim's unsworn statement that includes matters

outside the scope of R.C.M. 1001A(c).”). While the military judge is the gatekeeper for unsworn victim statements, an accused nonetheless has a duty to state the specific ground for objection in order to preserve a claim of error on appeal. This procedure was followed in the instant case when trial defense counsel objected to portions of the unsworn statements for failing to comply with R.C.M. 1001A.

The next question is whether an unsworn victim statement, although not evidence, can nevertheless be commented on in presentencing argument.

“Ordinary rules of statutory construction apply in interpreting the R.C.M.” *United States v. Hunter*, 65 M.J. 399, 401 (C.A.A.F. 2008). It is a general rule of statutory construction that if a statute is clear and unambiguous—that is, susceptible to only one interpretation—we use its plain meaning and apply it as written. *United States v. Kohlbek*, 78 M.J. 326, 331 (C.A.A.F. 2019); *United States v. Clark*, 62 M.J. 195, 198 (C.A.A.F. 2005). We may also resort to case law to resolve any ambiguity, although fundamentally “case law must comport with [the statute], not vice versa.” *United States v. Warner*, 62 M.J. 114, 120 n.30 (C.A.A.F. 2005). “We assume that Congress is aware of existing law when it passes legislation.” *United States v. McDonald*, 78 M.J. 376, 380 (C.A.A.F. 2019) (internal quotation marks omitted) (quoting *Miles v. Apex Marine Corp.*, 498 U.S. 19, 32 (1990)).

R.C.M. 1001(a) establishes a general sequence of presentencing matters. Specifically, the prosecution starts by providing service data and personal data relating to the accused and the character of his or her prior service, evidence of prior convictions, evidence of aggravation, and evidence of rehabilitative potential. R.C.M. 1001(a)(1)(A). The prosecution’s sentencing case is followed by the victim’s right to be reasonably heard pursuant to R.C.M. 1001A. R.C.M. 1001(a)(1)(B). Finally, the defense presents evidence in extenuation or mitigation. R.C.M. 1001(a)(1)(C). Importantly, R.C.M. 1001(g), permits counsel, “[a]fter introduction of matters relating to sentence” to “argue for an appropriate sentence.”

The plain language of R.C.M. 1001(g) and its use of the term “matters,” which encompasses an unsworn victim

statement, implies that presentencing argument may include comment on a victim's unsworn statement. *Kohlbek*, 78 M.J. at 331. Presentencing argument commenting on the unsworn victim statement asks the military judge or the panel to sentence an accused based upon a "matter[]" already properly before them. Our previous case law comports with the view that presentencing argument may include comment on the victim's unsworn statement. As noted above, while it is true that typically, "trial counsel [are] prohibited from injecting into argument irrelevant matters, such as personal opinions and facts not in evidence," *Schroder*, 65 M.J. at 58, this Court has recognized that there are certain exceptions to the rule. One such exception is for an accused's unsworn statement, where despite the fact the statement is not evidence, it is still "subject to ... comment during the Government's closing argument." *United States v. Barrier*, 61 M.J. 482, 484 (C.A.A.F. 2005). Again, the victim's right to make an unsworn statement is procedurally akin to the accused's right of allocution. Because we presume that Congress and the President were aware of our case law interpreting an accused's unsworn statement, we further presume that they intended unsworn victim statements to be treated similarly. *McDonald*, 78 M.J. at 380.

Although the military judge erred in his reasoning with regard to why trial counsel may comment on the contents of the unsworn victim statement admitted under R.C.M. 1001A, we agree with the military judge's ultimate conclusion. In the absence of explicit statutory limitation, or other clear evidence of Congress's or the President's intent to limit comment on unsworn victim statements in presentencing argument, we hold either party may comment on properly admitted unsworn victim statements.[4] Because application of the correct law reaches the same outcome as that reached by the military judge, the military judge's error was harmless.[5]

---

[4] As he did at trial, Appellant maintains that there is a distinction between referencing a victim's unsworn statement and arguing a victim's unsworn statement. We disagree with this distinction. Counsel's comments concerning a victim's unsworn statement may include both references and arguments.

[5] Of course, Congress may revise Article 6b, UCMJ, if it disagrees with our statutory interpretation. *See Kimble v. Marvel*

**Decision**

The judgment of the United States Air Force Court of Criminal Appeals is affirmed.

---

*Ent., LLC*, 576 U.S. 446, 456 (2015) (noting that once a court engages in statutory interpretation, it is up to Congress "for acceptance or not as that branch elects").