*252 OHLSON, Judge
(dissenting):
I agree with the majority that the trial counsel’s sentencing argument was improper and that the military judge’s instructions to the panel merely served to compound the error. Where I differ from my colleagues is that I conclude that the toxic nature of the trial counsel’s comments, coupled with the deleterious effect of the military judge’s instructions, poisoned the sentencing hearing beyond redemption. Thus, I would order a sentence rehearing in this ease, and I therefore respectfully dissent.
We review the question of whether an argument was improper using a de novo standard. United States v. Marsh, 70 M.J. 101, 106 (C.A.A.F.2011). In conducting this de novo review, we must ask: (a) was the argument erroneous, and (b) if so, did it materially prejudice the substantial rights of the accused? United States v. Baer, 53 M.J. 235, 237 (C.A.A.F.2000).
In assessing whether an argument was error, our guiding principles are that a trial counsel may not “ ‘unduly ... inflame the passions or prejudices of the court members,’ ” United States v. Schroder, 65 M. J. 49, 58 (C.A.A.F.2007) (alteration in original) (citation omitted), and the trial counsel’s arguments must be limited to “the evidence of record, as well as all reasonable inferences fairly derived from such evidence.” Baer, 53 M.J. at 237. Like the majority, I conclude that the trial counsel’s sentencing argument violated these fundamental tenets.
In assessing whether an erroneous argument was prejudicial, we must look at the argument in its totality and determine its cumulative effect on the fairness and integrity of the accused’s trial. United States v. Fletcher, 62 M.J. 175, 184 (C.A.A.F.2005). In sum, we must determine whether the trial counsel’s comments were so damaging that we cannot be confident that the members sentenced the appellant on the basis of the evidence alone. Id.; United States v. Halpin, 71 M.J. 477, 480 (C.A.A.F.2013). Unlike the majority, under the totality of the circumstances in this particular case, I conclude that we cannot be confident of that fact.
In analyzing this matter, I readily concede several important points. First, during a sentencing hearing a trial counsel may certainly use arguments that are crafted to address such sentencing philosophies as specific deterrence, general deterrence, and protection of society. Rule for Courts-Martial (R.C.M.) 1001(g). Second, there is a considerable body of academic and scientific literature which indicates that the recidivism rate of certain categories of child molesters is woefully high. See, e.g., Patrick A. Langan et al., Bureau of Justice Statistics, U.S. Dep’t of Justice, Recidivism of Sex Offenders Released from Prison in 1994 passim (2003). Third, under the appropriate circumstances, a trial counsel may be able to introduce evidence of an accused’s recidivism risk at a sentencing hearing, and the panel members may then consider this evidence when fashioning their sentence. See United States v. Ellis, 68 M.J. 341, 347 (C.A.A.F.2010) (allowing expert testimony during sentencing as to the accused’s risk of recidivism); R.C.M. 1001(b)(5). Fourth, generally speaking, a sentence of eight years of confinement for someone who has been convicted of child molestation is not, on its face, unduly harsh. See Manual for Courts-Martial, United States, Maximum Punishment Chart app. 12 at A12-4, Punitive Article Applicable to Sexual Offenses Committed During the Period 1 October 2007 Through 27 June 2012 app. 28 at A28-1 (2012 ed.) (MCM) (listing the maximum confinement for rape of a child and aggravated sexual contact with a child as life and twenty years, respectively). And fifth, although a trial counsel may not strike “foul” blows during a sentencing hearing, he or she may certainly strike “hard” ones. See Berger v. United States, 295 U.S. 78, 88, 55 S.Ct. 629, 79 L.Ed. 1314 (1935). Nevertheless, in my view, none of these points ameliorates or justifies the trial counsel’s argument during the sentencing hearing in this case.
In his brief, Appellant takes issue with a number of comments made by trial counsel. For example, during the sentencing hearing the trial counsel argued that “what we can be sure of is that every day [Appellant] spends in jail will be one day less that [the victim] doesn’t have to worry about him being out on *253 the street and that no other girl can suffer the same fate,” and averred that the sentencing of Appellant was about “the protection of young girls everywhere.” In making these statements, the trial counsel failed to first take the relatively simple but critically important step of introducing evidence pertaining to Appellant’s recidivism risk. Further, these statements could be considered as contributing to an atmosphere where the panel members’ “ ‘passions or prejudices’ ” could be “ ‘unduly ... inflamed.’ ”[1] Schroder, 65 M.J. at 58 (alteration in original) (citation omitted). But far more importantly in my view, these statements by the trial counsel absolutely pale in comparison to another argument the trial counsel made to the panel members, and to which defense counsel promptly objected. Because I believe the ramifications of the latter argument prove dispositive of the issue in this case, I will only address that argument in this opinion.
Specifically, during the trial counsel’s rebuttal argument the following exchange occurred:
ATC: Now, the Defense Counsel said “there’s no evidence before you that he’s ever done anything like this before.” And there is no evidence before you. But think what we know, common sense, ways of the world about child molesters.
DC: Your Honor, I’ll just object again. It’s improper argument.
MJ: Trial Counsel[?]
ATC: I’m just arguing ways of the world, Your Honor.
DC: Your Honor, this is not ways of the world.
MJ: Overruled. Continue.
And so, we are presented with a situation where the trial counsel blatantly argued to the panel members — who would soon be deliberating on the appropriate sentence to impose on Appellant — that although there was no evidence that Appellant had molested any children before, their knowledge of the “ways of the world” could allow them to concludé that he actually had done so. In my view, the impropriety of this argument is nothing short of breathtaking.
Needless to say, the military judge’s failure to sustain the defense counsel’s immediate and well-founded objection to the trial counsel’s argument did not ameliorate the problem one whit. In fact, because the back- and-forth on this issue occurred right in front of the panel members, the military judge’s ruling could be construed as exacerbating the harm to Appellant. But worse, when the military judge gave his sentencing instructions mere moments later, the military judge actually compounded the problem — as conceded by the majority. The military judge correctly noted to the panel members that the Government’s argument included “[a] few statements ... not before you in evidence,” but instead of solely instructing the panel members to ignore those arguments, the military judge instructed the panel members that they could place those arguments “in context of whatever knowledge of the ways of the world you have.” Thus, by giving this instruction, the military judge could be seen as endorsing the patently improper and grossly inflammatory argument made by the trial counsel.
In my view, this improper argument by the trial counsel, coupled with the highly problematic instruction by the military judge, likely inflicted great and irremediable damage on Appellant’s sentencing position — and it is the Government’s burden to demonstrate that it did not. Therefore, I would find that Appellant’s right to a fair sentencing hearing was materially and fatally prejudiced. However, in its prejudice analysis, the majority concludes otherwise.
In supporting its position that the error by the trial counsel ultimately proved harmless to Appellant, the majority cites two factors. First, the majority notes the abhorrent conduct of Appellant and concludes that this *254 alone would have compelled the panel to impose a sentence of eight years of imprisonment. Indeed, I readily agree that a solid argument could be made in favor of sentencing Appellant to at least eight years in prison. Nevertheless, because the trial counsel’s argument was so grossly inflammatory and because of the totality of the other circumstances present in the instant case, I conclude that the Government did not come remotely close to meeting its burden of demonstrating that this particular panel in this specific case would have imposed this sentence absent the trial counsel’s improper actions.
My reluctance to speculate on the panel’s probable action in this ease is informed by the fact that this Court reviews a large (and dreadful) number of cases involving sexual molestation, and I have yet to discern any pattern to the sentences imposed by panel members. In fact, within days of this Court hearing oral argument in the instant case, petitions in two different cases were circulated where the facts were similar to — if not worse than — the instant case, and yet, with regard to confinement, the panel only imposed one year of imprisonment in one ease, and eleven months of imprisonment in the other. United States v. Havlock, No. ARMY 20130290, slip op. at 1 (A.Ct.Crim.App. Dec. 16, 2013), 73 M.J. 259 (C.A.A.F.2014) (order denying petition); United States v. Fiebelkorn, No. ARMY 20130629, slip op. at 1 (A.Ct.Crim.App. Jan. 14, 2014), 73 M.J. 256 (C.A.A.F.2014) (order summarily granting and affirming the lower court). Thus, in a case such as the instant one where the punishment imposed was substantial and the improper argument by the trial counsel was egregious, I believe it is prudent not to place too much weight on the argument that we have the ability at the appellate level to determine that this sentence would have been imposed by this specific panel in this particular case even absent the trial counsel’s improper argument.
Second, in its prejudice analysis the majority states that because the panel members “adjudged an even lighter sentence than the Government requested and settled upon the period of confinement Appellant asked for— something less than ten years — [there is] no evidence of prejudice.” In my view, a numerical approach to this sentencing issue is fraught with problems. As just one example, one could as easily argue that because the Government received eighty percent of the confinement time that it requested, the Government is unable to meet its burden of showing that the improper argument did not tip the sentencing scales in its favor. Therefore, I once again would not place too much weight on the majority’s approach in deciding that the error in the instant case was harmless.
Indeed, I believe the proper approach in analyzing the issue before us is to place less emphasis on the result of the sentencing hearing and to place more emphasis on the process of the sentencing hearing. Pursuant to that approach, I am compelled to conclude that the trial counsel’s improper argument was not limited to “the evidence of record, as well as all reasonable inferences fairly derived from [that] evidence,” Baer, 53 M.J. at 237, that the argument “ ‘unduly ... inflame® the passions [and] prejudices of the court members,”’ Schroder, 65 M.J. at 58 (alteration in original) (citation omitted), that the cumulative effect on the fairness and integrity of Appellant’s sentencing hearing was harmful and substantial, and that I “cannot be confident that [the members] sentenced [Appellant] on the basis of the evidence alone.” Halpin, 71 M.J. at 480 (citation and internal quotation marks omitted). Therefore, I believe the appropriate disposition of the instant case would be to order a sentencing rehearing.
Accordingly, I respectfully dissent.

. I note that these arguments were not objected to at trial and therefore should be reviewed for plain error. Fletcher, 62 M.J. at 179; Halpin, 71 M.J. at 479. However, as discussed below, defense counsel objected to other comments and this Court looks at the cumulative impact of the trial counsel’s comments as a whole to assess prejudice. Fletcher, 62 M.J. at 184; Halpin, 71 M.J. at 480.